The STATE of Ohio, Appellee,

v.

AMERICAN BAIL BOND AGENCY et al., Appellants.

[Cite as *State v. Am. Bail Bond Agency* (1998), 129 Ohio App.3d 708.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APC10–1400.

Decided Sept. 10, 1998.

*Ronald J. O'Brien,* Franklin County Prosecuting Attorney, and *Michael Snavely,* Assistant Prosecuting Attorney, for appellee.

*Reinhart Law Office* and *Harry R. Reinhart,* for appellants.

PEGGY BRYANT, Judge.

Defendants-appellants, American Bail Bond Agency and Ranger Insurance Company, appeal from a September 23, 1997 judgment of the Franklin County Municipal Court granting in part and denying in part appellants' motion for remission of a $500,000 bail bond forfeiture.

On April 25, 1997, Norda Jean Gooden was arrested and charged with possession of marijuana. At the time of her arrest, she had approximately one hundred sixty-five pounds of marijuana and $90,000 in cash in her possession, and was using the name Alisa James. Gooden made her initial appearance before the Franklin County Municipal Court on April 26, 1997. A detective from the Columbus Police Department advised the court at Gooden's initial appearance that she had told law enforcement officials that she would flee if she obtained bail. The court set Gooden's bail at $500,000 cash or surety and scheduled a preliminary hearing for May 5, 1997.

On or about the evening of April 27, 1997, Gooden was released pursuant to a surety bond in the amount of $500,000 posted by the American Bail Bond Agency with the Ranger Insurance Company as the surety (the "sureties"). The bond

required Gooden to appear before the Franklin County Municipal Court for her May 5 preliminary hearing. Gooden, however, fled from the jurisdiction shortly after posting bond, and she failed to appear for her preliminary hearing.

Because Gooden did not appear for the preliminary hearing, the court ordered her bond forfeited and issued a bench warrant for her arrest. The clerk of the municipal court sent the sureties a notice requiring them to show cause why the bond should not be forfeited. The sureties did not respond to the show-cause notice, and on June 6, 1997, the court rendered a judgment of forfeiture against the sureties for the full amount of the bond. The sureties successfully sought a sixty-day stay of execution on the bond.

After the stay expired on August 6, 1997, the sureties filed a Civ.R. 60(B) motion to reopen the judgment of forfeiture and a motion seeking an additional stay of execution during the pendency of the Civ.R 60(B) motion. The court denied the motion to stay execution of the forfeiture and scheduled a hearing on the merits of the Civ.R. 60(B) motion for August 26, 1997. Consequently, the sureties paid the entire amount of the bond to the court on August 13, 1997.

Law enforcement officials apprehended Gooden in or near Miami, Florida, on or about August 13, 1997. Upon her extradition to this jurisdiction, the sureties dismissed their Civ.R. 60(B) motion and filed a motion for remission of the bond forfeiture. The court conducted a hearing on the matter in which the sureties and the prosecutor produced testimony and stipulated facts on the circumstances surrounding Gooden's disappearance and subsequent apprehension. The court considered several factors established by case law to guide its discretion and determined that $150,000 of the forfeited bond should be remitted to the sureties. The court journalized its decision with a September 23, 1997 entry, ordering the clerk to remit $150,000 to the sureties.

On October 17, 1997, the sureties filed a motion for reconsideration, arguing that a forfeiture of $350,000 violated the sureties' equal protection rights because the clerk had historically not executed on more than ten percent of the amount of any bond forfeited by a surety in the Franklin County Municipal Court. The court denied the motion on October 27, 1997, because the Ohio Rules of Civil Procedure do not provide for reconsideration of a trial court's judgment. The sureties timely appeal from the court's September 23, 1997 judgment, assigning the following errors:

"I. The municipal court erred to the substantial prejudice of the appellants by granting remission of only $150,000 of a $500,000 bond forfeiture under the facts of this case.

"II. The municipal court abused its discretion under the facts of this case by treating appellants differently than similarly circumstanced bond agencies and sureties have been treated.

"III. The municipal court erred by violating appellants' rights to the equal protection of the law under the Fourteenth Amendment to the United States Constitution."

 In their first assignment of error, the sureties contend that the court abused its discretion by remitting only $150,000 of the forfeited bail bond. "The purpose of bail * * * 'is to ensure that the [accused] appears at all stages of the criminal proceedings.'" *State v. Hughes* (1986), 27 Ohio St.3d 19, 20, 27 OBR 437, 438, 501 N.E.2d 622, 623, quoting Crim.R. 46(A). By posting a bail bond, a surety guarantees that it will produce the accused in court when called. *Id.,* citing *State ex rel.- Howell v. Schiele* (1949), 85 Ohio App. 356, 40 O.O. 234, 88 N.E.2d 215, affirmed (1950), 153 Ohio St. 235, 41 O.O. 249, 91 N.E.2d 5. If a surety fails in this undertaking, the court must declare or adjudicate a forfeiture unless the surety is exonerated as provided by law. Crim.R. 46(M), 46(N). A surety may be exonerated if, within the period prescribed by the court according to R.C. 2937.36(C), good cause "by production of the body of the accused or otherwise is * * * shown." R.C. 2937.36(C). If good cause is not shown by a surety, the court must then enter judgment against the surety for an amount not to exceed the amount set in the adjudication of forfeiture. R.C. 2937.36(C).

 When the accused reappears before the court after judgment against a surety, the surety may file a motion requesting the court to remit the amount forfeited. The remission of a forfeited bail bond upon a defendant's reappearance is a matter committed to the discretion of the trial court by R.C. 2937.39, which provides: "After judgment has been rendered against surety * * * the court or magistrate, on the appearance, surrender, or rearrest of the accused on the charge, may remit all or such portion of the penalty as it deems just * * *." Although the adoption of R.C. 2937.39 signified the General Assembly's recognition that total forfeiture of a bail bond may not always be just, the General Assembly did not provide courts with guidance in the exercise of their discretion. Rather, courts have identified factors which should be considered when a party seeks remission of a forfeited bail bond. Here, the trial court, citing applicable case law, enumerated the following factors for its consideration:

"1. The circumstances surrounding the subsequent appearance by the defendant, including the timing, and whether her reappearance was voluntary;

"2. The reasons for defendant's failure to appear at the preliminary hearing scheduled for May 5, 1997;

"3. The inconvenience, expense, delay and any other prejudice to the prosecution;

"4. Whether the [sureties were] instrumental in securing the appearance of the defendant;

"5. Any mitigating circumstances; and

"6. Whether justice requires that the entire amount of the bail remain forfeited." Trial court decision, citing *State v. Patton* (1989), 60 Ohio App.3d 99, 573 N.E.2d 1201; *State v. Hollis* (July 9, 1986), Lorain App. No. 3913, unreported, 1986 WL 7749; *State v. Werner* (R.I.1995), 667 A.2d 770.

Appellate review of a trial court's disposition of a motion to remit a forfeited bail bond is limited to a determination of whether the court abused its discretion. *Patton, supra,* 60 Ohio App.3d at 102, 573 N.E.2d at 1204–1205. An abuse of discretion involves more than error of law or judgment; " 'it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142. A reviewing court should be guided by a presumption that the findings of the trial court are correct, and the reviewing court may not substitute its judgment for that of the trial court. *In re Jane Doe 1* (1991), 57 Ohio St.3d 135, 138, 566 N.E.2d 1181, 1184–1185. Thus, so long as the trial court did not abuse its discretion, its decision may not be reversed, even if more or less of the forfeited bail bond could have been remitted.

After the court conducted a hearing in which evidence was presented through stipulation and through live witnesses, and in which the court conducted its own examination when it apparently wanted greater detail on certain issues, the court weighed the evidence with reference to the factors enumerated above. Applying the first four factors to the evidence, the court specifically found that (1) Gooden did not appear voluntarily before the court, as she remained at large until her capture in Florida approximately fourteen weeks after her scheduled preliminary hearing; (2) Gooden failed to appear for her preliminary hearing in a willful attempt to avoid prosecution; (3) Gooden's failure to appear at the preliminary hearing wasted the time and resources of the court and the state, but her failure to appear did not deprive the state of any proof in its case or cause it to incur any documented costs; and (4) the sureties made considerable efforts to assist law enforcement officials in apprehending Gooden after the court forfeited her bond, but as demonstrated by their failure to follow their own internal procedures and by their agent's gross negligence, the sureties made virtually no effort to ensure that Gooden would be present for her preliminary hearing.

Regarding mitigating circumstances, and contrary to the sureties' argument, the court concluded that the Columbus Police Department did not interfere with

Gooden's apprehension by failing to enter her arrest warrant into a national crime database in a timely manner. The court premised its determination on the sureties' failure to demonstrate either that their agents were in actual contact at any time with Gooden before the Columbus Police Department entered the warrant into the system or that they could have effected her arrest but for the actions of the police department.

The trial court also addressed the conduct of the sureties in discussing mitigating circumstances. According to the findings of the trial court, the sureties failed to follow their own guidelines for issuing a bond and for determining the premium to be charged, despite the seriousness of the charges against Gooden. No application was taken. The sureties were unable to verify any of the sketchy information available regarding Gooden's identity or address, and they ignored the detective's testimony in open court that Gooden had told law enforcement officials that she would flee if she obtained bail. Moreover, the sureties, through their local bond agent, Ida Strong, took custody of Gooden with little or no evidence indicating that she would meet her obligations under the bond contract. Citing these actions, the court found that the sureties grossly neglected their duty to conduct a reasonable investigation of Gooden's background and to take necessary and routine steps to ensure her appearance.

Finally, regarding the interests of justice, the trial court concluded that it would not be just to impose a total forfeiture because Gooden ultimately appeared due in part to the efforts of the sureties. The trial court determined that remission of $150,000 of the forfeited bond served the competing interests of the parties by accounting for the expenses incurred by the sureties in apprehending Gooden and for the public policy considerations necessary to deter future violations of the conditions for release.

The sureties do not take issue with the factors enumerated by the court for its consideration. Rather, they contend that the trial court placed too much weight on the timely-appearance function of the bail bond business and not enough on the apprehension function. The sureties maintain that preliminary hearings in the municipal court are rarely held for felony cases because the prosecution routinely submits felony cases to the grand jury prior to the preliminary hearing or dismisses the charges pending direct indictment in the common pleas court. When the charges are dismissed for direct indictment, the sureties maintain that the bond posted in municipal court is released and the risk assumed by the surety is terminated. In juxtaposition to what the sureties apparently argue is a relatively unimportant proceeding under the local practice of the prosecutor's office, the sureties devote much of their argument to highlighting the recovery efforts they commenced after Gooden failed to appear for her preliminary hearing, which was not canceled by the prosecutor's office.

■ The sureties' argument is unpersuasive. As stated earlier, the decision to remit a forfeited bail bond is a matter addressed to the discretion of the trial court. Here, the trial court set forth and applied the appropriate factors to determine whether the facts warranted a complete or partial remission of the forfeited bail bond. In doing so, the trial court reached its decision by weighing, among other things, both Gooden's failure to appear at the preliminary hearing and the sureties' conduct in allowing the nonappearance to occur, against Gooden's apprehension and ultimate appearance. Although another court might have allocated more or less weight to the various factors and reached a different result, the court did not abuse its discretion by weighing the factors as it did because (1) the purpose of bail is to ensure that the defendant appears at all stages of the criminal proceedings, *Hughes, supra,* 27 Ohio St.3d at 20, 27 OBR at 438, 501 N.E.2d at 623–624, (2) the evidence supports the trial court's findings concerning Gooden's failure to appear at her preliminary hearing and the sureties' role in allowing the failure to occur, and (3) the infrequency or alleged unimportance of preliminary hearings for felony cases filed in the municipal court does not affect a surety's obligation to ensure that a defendant appears in court when called.

Moreover, the court did not place too much weight on the appearance function of the bail bond business because the public has an interest in ensuring that bail bond companies devote sufficient time and resources to the posting of bail bonds for persons accused of committing serious crimes. Holding bail bond companies harmless when an accused person fails to appear for a preliminary hearing would encourage bail bond companies to post bail bonds without considering whether an accused person intends to fully fulfill his or her bond obligations. Thus, the court did not abuse its discretion by weighing the various factors as it did in this case.

As a second argument, the sureties contest the factual underpinnings of the trial court's decision. The sureties dispute the court's finding that the sureties failed to follow their own procedures for posting bail bonds and grossly neglected their duty to conduct a reasonable investigation of Gooden's background and to take necessary and routine steps to ensure her appearance. Their primary contention is that a traffic accident involving their local agent excuses their agent's failure to follow proper procedures. They also contend that the short duration of felony bonds posted in the municipal court prevents bail bond companies like themselves from conducting an extensive investigation of persons seeking their services.

■ The sureties' second argument also is unpersuasive. The accident occurred when Strong attempted to transport Gooden from the detention center to a hotel where a person claiming to be Gooden's sister was staying, and where Gooden could complete the bond application. While the police conducted an

accident investigation, Gooden accepted a ride to the hotel from a bystander. Gooden remained at the hotel until the following morning, when she went to consult with an attorney about her case. Although Strong did not cause the accident, the accident does not affect the validity of the court's conclusions because the sureties had ample·opportunity to reestablish physical contact with Gooden before she fled from this jurisdiction. They nonetheless failed to do so.

The sureties' argument concerning the duration of bonds posted in the municipal court is similarly unpersuasive given the nature and seriousness of the charges lodged against Gooden and the amount of the bail set by the court. Accordingly, the sureties' first assignment of error is overruled.

■ Because the sureties' second and third assignments of error are interrelated, we address them jointly. At the heart of the sureties' second and third assignments of error is their contention that, prior to this case, the clerk had historically executed on only ten percent of the amount of any bond forfeited in the municipal court. The sureties maintain that the clerk changed the practice in this case by requiring the sureties to pay the entire amount of the forfeited bail bond. According to the sureties, the court violated the sureties' equal protection rights and abused its discretion by failing to remit to them at least ninety percent of Gooden's forfeited bail bond.

■ The sureties waived those claims because they failed to raise them in the trial court. As a general rule, a litigant who has the opportunity to raise a claim in the trial court but fails to do so waives the right to raise that claim on appeal. *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 279, 617 N.E.2d 1075, 1079–1080. The waiver doctrine may be applied even though the claim waived is of constitutional dimension. *State v. 1981 Dodge Ram Van* (1988), 36 Ohio St.3d 168, 170, 522 N.E.2d 524, 526–527. The sureties first attempted to raise these claims in a motion for reconsideration filed with the court after it had filed an entry journalizing its decision. The trial court properly denied the motion because a motion for reconsideration filed after a final judgment in the trial court is a nullity. *Pitts v. Dept. of Transp.* (1981), 67 Ohio St.2d 378, 379, 21 O.O.3d 238, 238–239, 423 N.E.2d 1105, 1106. This court will not consider claims raised in the sureties' second and third assignments of error because the sureties should have raised them in the trial court if they believed the court's discretion was limited by the alleged practice of the clerk concerning the enforcement of bail bonds forfeited in the municipal court.

■ Even if we were to consider these claims on a discretionary basis, the sureties' second and third assignments of error would still fail because the record is devoid of any evidence establishing that the clerk had actually followed a

practice of executing on only ten percent of any bond forfeited in the municipal court. To overcome their evidentiary problem, the sureties request this court either to (1) take judicial notice of the clerk's bond execution practice or (2) provide them with a hearing to determine the propriety of their request for judicial notice. Neither argument has merit. The practice of the clerk relative to execution on forfeited bail bonds, the policies governing that practice, and whether the practice was abruptly changed in this case are questions of fact subject to reasonable dispute and are therefore not subject to being judicially noticed in this court pursuant to Evid.R. 201(C) or (D). As to the sureties' request for a hearing on this matter, the sureties have been provided with the required opportunity to be heard by way of the briefs and oral argument accompanying this appeal. Accordingly, the sureties' second and third assignments of error are overruled.

Having overruled the sureties' three assignments of error, we affirm the judgment of the trial court.

*Judgment affirmed.*

JOHN C. YOUNG and LAZARUS, JJ., concur.