The STATE of Ohio, Appellee,

v.

DURAN, a.k.a. Baez;  Seneca Insurance Company, Appellant.

[Cite as *State v. Duran* (2001), 143 Ohio App.3d 601.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–00–064.

Decided May 25, 2001.

*Alan R. Mayberry*, Wood County Prosecuting Attorney, and *Jacqueline M. Kirian*, Assistant Prosecuting Attorney, for appellee.

*J. Vincent Buchanan*, for appellant.

MELVIN L. RESNICK, Judge.

Third party-appellant, Seneca Insurance Company, appeals a judgment of the Wood County Court of Common Pleas remitting a portion of a previously forfeited bond. Appellant asserts the following assignment of error:

"It was an abuse of discretion for the trial court to grant remission of only $18,750.00 of appellant's $75,000.00 surety bond."

The record of this case reveals that a man who claimed that his name was Julio Baez was indicted on October 21, 1999 of a violation of R.C. 2925.11, possession of over one thousand grams of cocaine, a felony of the first degree, with a specification that the accused was a major drug offender. Because the trial judge had little information concerning the accused's background ("Baez" had a newly issued driver's license from the state of Florida), he set bond at $75,000, no ten percent.

Chuck Brown of Chuck Brown Bail Bonds, located in Shaker Heights, Ohio, was approached by two customers who stated that they were members of the accused's family and that they wanted to post bond. Two of the accused's sisters came to Brown's office and gave him $7,500; he then obtained the bond from appellant. Nevertheless, because "Baez" had no verifiable social security number, he was subject to an "immigration hold," thereby precluding the posting of the bail bond.

On February 7, 2000, "Baez" filed a motion to correct the record to reflect his true identity, Augusto Duran, Jr., and his social security number. The certified birth certificate accompanying the motion showed that Duran was born in Brooklyn, New York. Duran was freed on bond under the name of Julio Baez on February 23, 2000. At this point, extensive discovery had occurred in the case, and Duran's attorney had filed a motion to suppress.

Duran failed to appear at the hearing on the motion to suppress on March 16, 2000. The common pleas court granted the state's request to issue a nationwide warrant for his arrest. The court also granted Duran's motion to correct the record. For the next two months, both appellee, the state of Ohio, and the bail bondsman attempted to locate Duran. During that period, and after notice to appellant and a hearing, the trial court ordered the forfeiture of the bond.

In June 2000, Duran was apprehended in New York City by law enforcement officers and was eventually extradited. He was conveyed, at government expense, to Wood County. Appellant filed a motion to vacate the forfeiture prior to Duran's extradition; after a hearing, the court continued any proceedings on this motion until after the return of Duran to Ohio. On July 28, 2000, Duran entered a plea of guilty to a violation of 2925.11, possession of cocaine, a felony of the second degree, and was sentenced. The court then held a second hearing on appellant's motion to vacate and ordered a remittance of $18,750.

Appellee's sole assignment of error asserts that the trial court's determination is merely punitive and, lacking the evidence to support that determination, is unreasonable, arbitrary, and capricious.

R.C. 2937.39 provides:

"After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or rearrest of the accused on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the person or persons entitled thereto under order or remission."

Thus, under R.C. 2937.39, if the accused appears or surrenders, the trial court may remit, in whole or in part, the forfeiture of a bail bond. The disposition of a motion to remit a forfeited bail bond is a matter within the discretion of the court. *State v. Patton* (1989), 60 Ohio App.3d 99, 101, 573 N.E.2d 1201, 1203–1204. Our review of the trial court's decision is limited to determination of whether the court abused that discretion. *State v. Am. Bail Bond Agency* (1998), 129 Ohio App.3d 708, 713, 719 N.E.2d 13, 16–17. An abuse

of discretion is more than a mere error of law or judgment; it implies that the trial court's attitude in reaching that judgment was unreasonable, arbitrary, or unconscionable. *Id.*, citing *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140.

In *Patton*, this court held that, in a case such as the one before us, the court's discretion must be " 'exercised in light of all attendant relevant circumstances.' " *Id.*, 60 Ohio App.3d 99, 101, 573 N.E.2d 1201, 1203, quoting *State v. Williams* (Feb. 13, 1985), Washington App. No. 82X45, unreported, 1985 WL 6539. We then set forth those relevant circumstances or factors that a trial court should consider in making its decision. *Id.* These factors, as refined and consolidated with those delineated in other appellate cases, are (1) the circumstances surrounding the reappearance of the accused, including timing and whether that reappearance was voluntary; (2) the reasons for the accused's failure to appear; (3) the inconvenience, expense, delay, and prejudice to the prosecution caused by the accused's disappearance; (4) whether the surety was instrumental in securing the appearance of the accused; (5) any mitigating circumstances; and (6) whether justice requires that the total amount of the bond remain forfeited. *State v. Am. Bail Bond Agency*, 129 Ohio App.3d at 712–714, 719 N.E.2d at 16–18. Overall, the bond forfeiture should bear a reasonable relationship to the costs and inconvenience in regaining custody of the accused and again preparing for trial. *State v. Patton*, 60 Ohio App.3d at 101, 573 N.E.2d 1201; *State v. Johnson* (Dec. 13, 1999), Richland App. No. 99–CA–41, unreported, 2000 WL 1618.

In the case under consideration, the trial court discussed each of the listed factors. The court found that Duran's reappearance was involuntary and that the state was prejudiced by the delay in the prosecution of the accused and the inconvenience and expense incurred in attempting to locate him and, ultimately, transport him back to Wood County. The evidence supports this finding. We add only that the evidence showed that the state expended time and money prior to Duran's flight in prosecuting the accused, particularly in preparation for the motion-to-suppress hearing.

The court further determined that Duran's failure to appear at the suppression hearing was a willful attempt to avoid prosecution. We agree. The purpose of bail is to insure that the accused appears at all stages of the criminal proceedings. *State v. Hughes* (1986), 27 Ohio St.3d 19, 20, 27 OBR 437, 438, 501 N.E.2d 622, 623–624. The record of this case reveals that Duran appeared at only those proceedings that occurred during the period that he was in custody

under the alias Julio Baez. Once Duran revealed his true identity and obtained his freedom, he fled the state, thereby intentionally thwarting the purpose of bail.

The common pleas court also found that appellant was not instrumental in securing the appearance of Duran. This fact is undisputed. As to mitigation, the trial judge recognized that Brown expended effort and funds [1] in attempting to ascertain the whereabouts of Duran and that the failure to appear did not affect the state's proof. The court balanced these mitigating factors against appellant's failure to secure Duran's appearance in court proceedings, finding that the surety knew that Duran was not an Ohio resident and that he was accused of a serious drug charge that carried a mandatory ten-year sentence. Thus, the court concluded that appellant was negligent in posting bond for Duran. In addition to those facts cited by the lower court, Duran's use of an alias for an extended period, his lack of a verifiable social security number, and the fact that he had a motor vehicle license issued by yet another jurisdiction, namely Florida, also support this conclusion. Brown apparently relied solely on his customers' word and his own ability to locate the accused if he "jumped bail" in deciding to post bond for Duran. Based on all of the foregoing, justice demanded the retention of a large portion of the forfeited bond. Accordingly, we find that the court's analysis in reaching its decision on the motion to vacate the forfeiture of the $75,000 was not unreasonable, arbitrary, or unconscionable. Therefore, appellant's only assignment of error is found not well-taken.

The judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.

*Judgment affirmed.*

HANDWORK and SHERCK, JJ., concur.

---

1. However, we note that the amount of the forfeited bond remitted is far in excess of the amount expended by Brown in his efforts to find Duran.