OPINION
{¶ 1} This is an appal from a trial court's refusal to remit an entire bond previously ordered forfeited when a defendant fled while being tried.
 {¶ 2} On November 18, 2003, Gary Akbar, representing Safety National Casualty Company posted a bond in the amount of $20,000 for Zachery Thornton who was charged with felonious assault in the Montgomery County Common Pleas Court. Thornton appeared for the first day of his trial but fled thereafter. He was convicted in his absence and the trial court ordered the bond forfeited on June 2, 2004. Through the efforts of Akbar and Dayton Police, Thornton was arrested on June 29, 2004 and sentenced to prison. On November 15, 2004, Safety filed a motion to vacate the bond forfeiture and a hearing was conducted shortly thereafter.
 {¶ 3} Akbar testified that he and his company had no reason to believe that Thornton was a flight risk despite the fact that he was charged with a serious offense, was unmarried, and was unemployed. Akbar said the co-signers on the bond were employed. Akbar said he located Thornton on June 29, 2004 in west Dayton and called the police. Akbar said four or five police officers responded and apprehended Thornton. At the conclusion of the hearing, the trial court remitted 40% of the $20,000 to Safety. In granting the partial remission the trial court noted the following in support of its decision:
 {¶ 4} "Mr. Akbar's testimony revealed little, if any, investigation regarding Mr. Thornton's background before the bond was posted on Mr. Thornton's behalf. Mr. Akbar talked to Mr. Thornton's girlfriend, but he acknowledged she was unable to provide significant information. Mr. Akbar did not talk to Mr. Thornton until the bond was posted. Mr. Akbar did testify to some investigation and approval by the `home office,' but, when pressed, he could not testify to the nature and extent of the purported investigation.
 {¶ 5} "This completes the factual recitation. These facts reveal Safety National is, certainly, not entitled to vacation of the forfeited recognizance. The analysis, therefore, will focus upon the reasoning for the forty percent (40%) remission.
 {¶ 6} "Revocation pursuant to O.R.C. § 2935.40 is simply not applicable. The statutory procedures creating the ability to forfeit the recognizance were followed, and the surety did not produce Mr. Thornton for the forfeiture hearing on May 5, 2004. Accordingly, the forfeiture was properly ordered on June 2, 2004.
"Remission
 {¶ 7} "Safety National secondly argues that remission is proper under O.R.C. § 2937.39. This provision allows a court to remit to the surety some, or all, of a forfeited bond. This issue rests with the court's discretion, but there are some appellate decisions concerning how this discretion should be administered. The competing concerns are Mr. Akbar's undoubted efforts to locate and secure the arrest of Mr. Thornton versus Safety National's lackluster efforts to gauge whether Mr. Thornton intended to fulfill his appearance obligation.
 {¶ 8} "This latter concern is an appropriate factor to weigh when considering a remittance. State v. Hardin, 2003-Ohio-7263
(Lucas Cty.); State v. American Bail Bond Agency (1998),129 Ohio App.3d 708, 719 N.E.2d 13. Both of these Courts stated, though correctly recognizing the `costs and inconvenience in regaining custody
 {¶ 9} . . .' are important factors in the remittance decision, `the public also has an interest in insuring bail companies devote sufficient time and resources to the posting of bail bonds for persons accused of committing serious crimes'[,] such as felonious assaults, a second degree felony. State v.Hardin at ¶ 11, quoting State v. American Bail Bond Agency at 715. These Courts further stated `[H]olding bail bond companies harmless when an accused fails to appear . . . would encourage bond companies to post bonds without considering whether an accused person intends to fully fulfill his or her bond obligations.' State v. Harding at ¶ 11 quoting State v.American Bail Bond Agency at 715.
 {¶ 10} "It is concluded that Safety Nation, through Mr. Akbar and the so-called home office, did not adequately consider whether Mr. Thornton intended to fully fulfill his appearance obligations, and, given this, Safety National, though successful in its efforts to secure Mr. Thornton's apprehension, is not entitled to a full remission. It is further concluded, when considering all pertinent factors, a significant, but less than fifty percent (50%), remittance is warranted. It is, accordingly, ordered that the surety, Safety National, is granted a remittance in the amount of $8,000.00 representing forty percent (40%) of the forfeited $20,000.00 recognizance."
 {¶ 11} In three related assignments of error, Safety argues that the trial court abused its discretion in remitting only 40% of the $20,000 bond posted on Thornton's behalf. Safety argues that the trial court abused its discretion because the State presented no evidence that it incurred any expense or inconvenience because Thornton failed to appear and because the trial court improperly found that Safety had not adequately evaluated Thornton's flight risk. Safety also argues that the trial court's actions were particularly unfair in that another common pleas judge in the same courthouse one day earlier remitted a $50,000 forfeiture to $1500 under a similar factual scenario. See, State v. Hunter, 2004 CR 00661 (Montgomery Cty. Common Pleas, February 7, 2005).
 {¶ 12} The State, for its part, argues that it was inconvenienced because four or five police officers had to be employed to arrest Thornton and return him to the court for sentencing.
 {¶ 13} R.C. 2937.39 provides that if the accused appears or surrenders the trial court may remit, in whole or in part, the forfeiture of the bail bond. The disposition of a motion to remit a forfeited bail bond is a matter within the discretion of the court. State v. Patton (1989), 60 Ohio App.3d 99. In Patton,
the Lucas County Court of Appeals held that in determining whether to set aside a revocation of bail, the court should consider the appearance of the defendant as well as the timing of such appearance as grounds for remittance. The court held that other factors to consider include the inconvenience and delay to the prosecutor, the expense involved, the wilfulness of the violation as well as any other mitigating circumstances. The court noted that regardless of the circumstances under which the forfeiture is declared, it may be set aside if it appears that justice does not require its enforcement.
 {¶ 14} In State v. Duran (2001), 143 Ohio App.3d 601, the Wood County Court of Appeals held that remittance of only $18,750 on a bail bond of $75,000 was proper, although the bondsman expended effort in finding the defendant, where defendant's failure to appear did not affect the State's proof at trial, where defendant's reappearance was involuntary, state was prejudiced by delay and inconvenience, and bond company was not instrumental in securing the defendant's appearance. In Duran,
the defendant did not appear for a suppression hearing and was apprehended by New York City police three months later.
 {¶ 15} In Hoover, the defendant failed to appear at the final pre-trial and he was later apprehended through the efforts of the surety. The trial court remitted all of the $50,000 bond except for $1,500 which the court found was expended for counsel expenses when new counsel had to be appointed to represent the defendant.
 {¶ 16} We agree with the appellant that it is difficult to reconcile the trial court's actions with that of the trial court in Hoover one day earlier. However, we agree with the State that the appellant must demonstrate that the trial court abused its discretion in remitting only 40% of the bond posted in this matter. There is evidence to support the trial court's finding that Safety conducted a rather minimal investigation of Thornton's flight risk. Safety collected a premium for the possibility Thornton might flee. Although Safety located Thornton, it was the police who took him into custody for sentencing purposes. There appears, however, to have been little inconvenience or cost to the State when Thornton did not appear for his trial. We therefore find the trial court's forfeiture of 60% of the bond posted was excessive and an abuse of discretion. The assignment of error is sustained. Judgment Reversed and Remanded for further proceedings consistent with this opinion.
Fain, J., concurs.