OPINION *Page 2 
{¶ 1} Third-party defendant-appellant U-Walk Bail Bond Agency appeals the September 7, 2006 Journal Entry entered by the Stark County Court of Common Pleas, which ordered twenty-five percent of a forfeited bond in the amount of $25,000 be remitted to Appellant. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE {¶ 2} On October 28, 2005, the Canton Police Department executed a search warrant at 1000 11th St., N.W., in Canton, Ohio. Officers found Hilton James Munn in the bathroom of the residence, attempting to flush crack cocaine down the toilet. Munn was charged with one count of tampering with evidence, in violation of R.C. 2921.12; and one count of possession of drugs, in violation of 2925.11(C)(4)(b). The Canton Municipal Court released Munn upon the posting of a surety bond in the amount of $25,000. The bond was posted by one Carol Cambria and written by Appellant. The municipal court subsequently bound Munn's case to the Stark County Grand Jury and transferred the bond to the Stark County Court of Common Pleas.
 {¶ 3} On December 19, 2005, the Stark County Grand Jury indicted Munn on the charges on which he was originally arrested. Munn failed to appear for a pretrial hearing on February 13, 2006. The trial court revoked his bond and issued a capias for his arrest. The trial court conducted a forfeiture hearing on March 7, 2006. Both Munn and his surety, Carol Cambria, failed to appear at that hearing. The trial court entered judgment in the amount of $25,000 to the State of Ohio on the forfeited bond on March 14, 2006. Appellant subsequently filed a Motion to Vacate the Bond Forfeiture, asserting advance notice of the forfeiture hearing had not been provided. Via Judgment *Page 3 
Entry filed June 6, 2006, the trial court vacated the March 14, 2006 Judgment Entry ordering the forfeiture of the bond, and ordered Appellant to locate and produce Munn by June 19, 2006.
 {¶ 4} Appellant was unable to locate and produce Munn by the requisite date. Accordingly, the trial court ordered the $25,000 forfeited and the Stark County Clerk of Courts received the funds. Recovery agents for Appellant ultimately found Munn and produced him to the Stark County Sheriff on August 9, 2006. On August 15, 2006, Appellant filed a Motion for Remission of Forfeited Bond. The trial court conducted a hearing on the motion on September 1, 2006. The trial court granted the motion, in part, permitting a refund of twenty-five percent of the forfeited bond pursuant to Stark County Court of Common Pleas Local Rule 17.09(A). The trial court memorialized its ruling via Judgment Entry filed September 7, 2006. The Stark County Clerk of Courts remitted a check in the amount of $6,250, representing twenty-five percent of the $25,000 bond, to Appellant. Appellant cashed the check on October 11, 2006.
 {¶ 5} On October 12, 2006, Munn appeared before the trial court and entered a plea of guilty to the Indictment. The trial court sentenced Munn to a period of imprisonment of eighteen months.
 {¶ 6} It is from the September 7, 2006 Judgment Entry Appellant appeals, raising as its sole assignment of error:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT BASED ITS DECISION TO REMIT ONLY 25% OF A $25,000.00 BOND SOLELY ON STARK COUNTY LOCAL RULE OF COURT 17.09(A)." *Page 4 
 {¶ 8} In its sole assignment of error, Appellant maintains the trial court erred in ordering the remission of only twenty-five percent of the forfeited bond based solely upon Stark County Loc. R. 17.09(A).
 {¶ 9} Stark County Loc. R. 17.09(A) provides as follows:
 {¶ 10} "Rule 46 of the Ohio Rules of Criminal Procedure will govern in all cases. The standard criminal bond shall be established as the amount of the maximum fine available pursuant to the Ohio Revised Code Section(S) [sic] under which the defendant is indicted * * * . Additionally, the standard criminal bond is not mandatory and the judge setting thebond [sic] may deviate from the standard criminal bond herein established where the totality of the circumstances in the judge's discretion warrant it.
 {¶ 11} "(A) Notice of bail forfeiture shall be sent by the Clerk to the defendant and to the Surety in a form as may be approved by all Judge(s). Once judgment is rendered on the forfeiture of a bond, payment in full is required within fifteen (15) days of the judgment. Onappearance or surrender of the defendant within sixty days, the Courtshall remit twenty-five percent (25%) of the judgment of the forfeitedbond." (Emphasis in Original).
 {¶ 12} A surety can file a motion for remission of a forfeited bond with the trial court upon the reappearance of a defendant pursuant to R.C. 2937.39, which provides:
 {¶ 13} "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or rearrest of the accused on the charge, may remit all or such portion of the penalty as it deems just * * *." *Page 5 
 {¶ 14} The disposition of a motion to remit a forfeited bond is a matter within the discretion of the court. State v. Patton (1989),60 Ohio App.3d 99, 101. Therefore, our review is limited to whether the trial court abused its discretion. State v. Am. Bail Bond Agency (1998),129 Ohio App.3d 708, 713. An abuse of discretion is more than a mere error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. The trial court's discretion must be exercised in light of all attendant circumstances. Patton, supra, at 101.
 {¶ 15} The purpose of bail is not punitive, but to insure the accused appears at all stages of the criminal proceedings. Dudley v. UnitedStates (5 Cir.1957), 242 F.2d 656; State v. Hughes (1986),27 Ohio St.3d 19, 20. When determining whether to remit a forfeited bond, the trial court should consider the following six factors: (1) the circumstances surrounding the reappearance of the accused, including timing and whether that reappearance was voluntary; (2) the reasons for the accused's failure to appear; (3) the inconvenience, expense, delay, and prejudice to the prosecution caused by the accused's disappearance; (4) whether the surety was instrumental in securing the appearance of the accused; (5) any mitigating circumstances; and (6) whether justice requires the total amount of the bond remain forfeited. Am. Bail BondAgency, supra, at 712-713; State v. Duran (2001), 143 Ohio App.3d 601,604.
 {¶ 16} While the forfeiture should bear a reasonable relationship to the costs and inconvenience in regaining custody of the accused and again preparing for trial, "the public has an interest in ensuring that bail bond companies devote sufficient time and resources to the posting of bail bonds for persons accused of committing serious *Page 6 
crimes." Id. at 715. "Holding bail bond companies harmless when an accused fails to appear for a preliminary hearing would encourage bail bond companies to post bonds without considering whether an accused person intends to fully fulfill his or her bond obligations." Id. "[W] hen considering a request for post-appearance bond remission pursuant to R.C. 2937.39, a trial court should balance the reappearance of the accused and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense and delay suffered by the state and any other factors the court finds relevant." State v.Jackson, 153 Ohio App.3d 520, 2003-Ohio-2213 at ¶ 9.
 {¶ 17} The entire hearing on Appellant's Motion for Remission of Forfeited Bond proceeded as follows:
 {¶ 18} "The Court: We are here in regard to Case No. 2005CR1657, State of Ohio versus Hilton James Munn. Specifically we are here on a request, a motion for a hearing by the bonding company, U-Walk Bail Bond Agency's motion for remission of forfeited bond. Is that correct, sir?
 {¶ 19} "Mr. Delay: That is correct. I am also here for Financial Casualty Surety, Inc., which is the insurance company behind the bond.
 {¶ 20} "The Court: Very well. The information which I have, sir, is that the bonding company did in fact — just for the record, you are Attorney Brendan Delay. Right, sir?
 {¶ 21} "Mr. Delay: Yes, thank you, sir.
 {¶ 22} "The Court: Very well. My information is that the bonding company did secure Mr. Munn and did deliver him to the Stark County Sheriff, is that correct?
 {¶ 23} "Mr. Delay: That is correct. That was done on August 9 of 2006. *Page 7 
 {¶ 24} "The Court: Very well. Pursuant to Local Rule 19 of the Stark County Court of Common Pleas General Divisions and specifically 17.09(A), under these circumstances since the bonding company did secure the appearance of the Defendant within 60 days of the time of the order, the Court is going to remit 25 percent of the forfeited bond to the company. If you would please prepare the appropriate entry and get it to me, I will sign that.
 {¶ 25} "Mr. Delay: Yes, Your Honor, I will Fax it in this afternoon.
 {¶ 26} "The Court: Anything else, sir?
 {¶ 27} "Mr. Delay: No, thank you, Your Honor.
 {¶ 28} "The Court: Pleasure to see you. Please thank your client for their diligence; an have a pleasant Labor Day weekend."
 {¶ 29} Transcript of September 1, 2006 Hearing at 3-4.
 {¶ 30} While we question whether Local Rule 17.09 is arbitrary in that it fails to allow for consideration of the six factors set forth inAmerican Bail Bond Agency, supra, (other than the fact the surety was instrumental in securing the appearance of the accused), the above dialogue demonstrates Appellant clearly acquiesced, if not outright agreed to the trial court's use of Local Rule 17.09 to determine the amount of remittance. Appellant did not object to the amount or attempt to offer evidence or argument as to any other factors which the trial court should consider. Appellant cashed the remittance check after receipt from the Stark County Clerk of Courts. Under the scenario presented in the case sub judice, we find Appellant did not preserve the error it now complains of by failing to timely object in the trial court.
 {¶ 31} Appellant's sole assignment of error is overruled. *Page 8 
 {¶ 32} The judgment of the Stark County Court of Common Pleas is affirmed.
 Hoffman, P.J., Farmer, J., and Delaney, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1