DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court that denied the motion to vacate a bond forfeiture judgment filed by appellant Walmatt, Inc., the surety for defendant Violet Gaston. Walmatt now challenges that judgment through the following assignment of error: *Page 2 
 {¶ 2} "The trial court abused its discretion when it denied appellant surety's motion to vacate bond forfeiture judgment even though surety had shown good cause by production of the body of defendant as surety had surrendered the defendant to out of state law enforcement authorities."
 {¶ 3} On June 2, 2007, a complaint was filed in Toledo Municipal Court charging Violet Gaston with one count of trafficking in drugs, a second degree felony. On June 5, 2007, surety, Walmatt, Inc. and ABC Bail Bonds, posted bonds for Gaston totaling $15,000 to secure her appearance in this and two other cases pending in the Toledo Municipal Court. On August 13, 2007, Gaston failed to appear for a preliminary hearing. The court, therefore, issued a bench warrant for her arrest and set the matter for a bond forfeiture hearing. The court sent Walmatt the appropriate notice regarding the hearing. The case proceeded to the forfeiture hearing on September 5, 2007, but Walmatt did not appear and the lower court ordered the bonds forfeited and paid in full by October 5, 2007. The record reflects that the clerk of the Toledo Municipal Court mailed Walmatt the bond forfeiture notification that stated the bond was to be paid in full by October 5, 2007.
 {¶ 4} On October 9, 2007, counsel for Walmatt entered his appearance of record and filed a motion to vacate the bond forfeiture judgment, and to release the surety from liability for good cause shown. In the alternative, Walmatt requested a 60 day extension of time within which to pay the judgment or deliver Gaston. Walmatt supported its motion with the affidavit of William Barry, an officer of ABC Bail Bonds and an agent of *Page 3 
the Seneca Insurance Company. Barry attested that Walmatt had never received notice from the court of the bond forfeiture judgment due date. He further stated that the company determined that Gaston had been incarcerated in Allegheny County, Pennsylvania, from August 1, 2007 through September 10, 2007, but, due to a clerical error had not filed a motion with the court to continue the bond forfeiture judgment. He therefore asked for additional time to apprehend Gaston and produce her to the court. The court granted the motion in part and extended the bond forfeiture payment date to November 9, 2007. The court subsequently extended the pay-in date several times to give Walmatt further opportunity to produce Gaston.
 {¶ 5} On February 4, 2008, Walmatt filed a new motion to vacate the bond forfeiture judgment and to be released from liability. Walmatt then appeared in court on that same date and argued its motion. Walmatt asserted that it had good cause to be released from liability because it had secured Gaston's apprehension and that Gaston was at that time in custody in Maryland awaiting extradition. Walmatt supported its motion and argument with a new affidavit from William Barry in which he stated that through an investigation, Walmatt had learned that Gaston was in Maryland. The company then sent two recovery agents to Maryland City, Maryland, who located Gaston. The recovery agents notified local authorities, who arrived on the scene and took custody of Gaston on February 1, 2008, after the recovery agents apprehended her. Barry asserted that the recovery agents were ready, willing and able to transport Gaston back to Ohio for delivery to the court below but that the Maryland authorities, in conjunction with the *Page 4 
Toledo Police Department, would not allow that transport. Accordingly, Gaston was left in the custody of the Ann Arundel County Police pending extradition to Ohio. Walmatt asserted that because it had apprehended Gaston and surrendered her to law enforcement authorities, it was entitled to have the previous bond forfeiture judgment vacated.
 {¶ 6} On February 5, 2008, the lower court issued a decision and judgment denying the motion to vacate. Walmatt now challenges that judgment on appeal.
 {¶ 7} In its sole assignment of error, Walmatt contends that the lower court abused its discretion in denying the motion to vacate. The state has not filed a brief in this matter.
 {¶ 8} We first note that although Walmatt filed a "motion to vacate" in the court below, it filed the motion pursuant to, and the trial court treated it as, a motion for remission of penalty, as provided for in R.C. 2937.39. We will therefore review this appeal pursuant to the standards provided by R.C. Chapter 2937.
 {¶ 9} The procedure for the forfeiture of bail is governed by the procedures set forth in R.C. 2937.36. State v. Holmes (1991),57 Ohio St.3d 11, 14. R.C. 2937.36(C) provides that, upon declaration of bond forfeiture, the magistrate or clerk of the court adjudging bond forfeiture shall " * * * notify accused and each surety * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than twenty nor more than thirty days from date of mailing notice, why judgment should not be entered against each of them * * *. If good cause by production of the body of the *Page 5 
accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them * * *."
 {¶ 10} After judgment has been rendered against the surety or rearrest of the accused, the court " * * * may remit all or such portion of the penalty as it deems just * * *." R.C. 2937.39. In determining whether to remit some or all of a forfeiture, the court should consider: (1) the circumstances of the accused's reappearance; (2) his or her reason for failing to appear; (3) the prejudice afforded the prosecution by the accused's absence; (4) whether sureties helped return the defendant; (5) mitigating circumstances; and (6) whether justice requires that the entire amount remain forfeited. State v. Am. Bail Bond Agency (1998),129 Ohio App.3d 708, 712-713; State v. Duran (2001),143 Ohio App.3d 601, 604. "Overall, the bond forfeiture should bear a reasonable relationship to the costs and inconvenience in regaining custody of the accused and again preparing for trial." Duran, supra at 604, citingState v. Patton (1989), 60 Ohio App.3d 99, 101.
 {¶ 11} The decision to remit a forfeited bond is a matter within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Patton, supra at 101. An abuse of discretion is more than an error of judgment or a mistake of law; the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Timely production of the body of the defendant constitutes a showing of good cause as to why a forfeiture judgment may not be entered against a surety.Holmes, supra at 14. "This *Page 6 
determination comports with the purpose of bail which is to ensure the appearance of a defendant." Id.
 {¶ 12} In denying Walmatt's motion to remit the forfeited bond, the lower court stated that it had considered the six factors listed above and cited the cases of Am. Bail Bond Agency, supra, Duran, supra, andState v. Hardin, 6th Dist. Nos. L-03-1131, L-03-1132 L-03-1133,2003-Ohio-7263. The court did not, however, state the exact reasons for the denial of the motion. Walmatt asserts that because the lower court failed to state its reasons for the denial, its decision was arbitrary and an abuse of discretion. In support, Walmatt cites State v.Jackson, 153 Ohio App.3d 520, 2003-Ohio-2213. In Jackson, the trial court summarily denied a motion for remission of bond without a hearing. On appeal, the Third District Court of Appeals determined that because the trial court failed to set forth its reasons for the denial and there was no record from which the appellate court could ascertain the reasons for the denial, the trial court's denial of the motion for remission was arbitrary and an abuse of discretion.
 {¶ 13} In the present case, although the trial court did not specify the exact reasons for denying Walmatt's motion, there is a record from which we can discern the reasons. When Walmatt appeared before the court on February 4, 2008, to argue its motion, it asserted that it had good cause for not producing Gaston because she was incarcerated in Maryland. Walmatt asserted that it had been instrumental in securing her apprehension and its agents were ready to transport her back to Lucas County. Nevertheless, the Ann Arundel County Police Department and the Toledo Police Department had determined *Page 7 
that Gaston should be extradited. The lower court then raised the issue of whether it had the authority to remove the bond forfeiture when Gaston was not under the court's jurisdiction. Walmatt responded that it believed the statute, R.C. 2937.39, allowed it to request remission of the penalty under these circumstances and that it did not believe that Gaston had to be turned in to local authorities for the statute to apply. The court stated that it would have to research the issue and took the motion under advisement.
 {¶ 14} Under the circumstances of this case, we cannot find that the trial court abused its discretion in denying the motion to remit. There was evidence in the record regarding the factors that the court was to consider and we note in particular that because Gaston was still in Maryland, the state would have to undertake the expense of transporting her back to Lucas County for further proceedings in this case. Accordingly, the sole assignment of error is not well-taken.
 {¶ 15} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Toledo Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 8 
Peter M. Handwork, J., Mark L. Pietrykowski, J. and William J. Skow, P.J., CONCUR. *Page 1