MARY EILEEN KILBANE, P.J., DISSENTING:
*269 {¶ 20} I respectfully dissent. I would affirm the trial court's order directing Specialty to return to Bates a portion of the bond premium that he paid to Specialty.
{¶ 21} The majority cites to a number of cases from other states in support of its conclusion that the trial court was without authority to order Specialty to refund the bond premium. While there is no case law in Ohio that is directly on point, I find guidance for this unique matter in State v. Munn , 5th Dist. Stark No. 2006CA00335, 2007-Ohio-4432, 2007 WL 2430091, where the bond agency sought review of a judgment from the trial court that ordered 25 percent of a forfeited bond to be remitted to it under R.C. 2937.39. In Munn , the defendant failed to appear to a pretrial hearing. The trial court revoked the defendant's bond and issued a capias for his arrest. Thereafter, the court conducted a forfeiture hearing. The defendant and bond agency failed to appear at the hearing. As a result, the court entered a judgment in the amount of $25,000 to the state. The bond agency filed a motion to vacate the bond forfeiture, which the trial court granted and ordered the bond agency to produce the defendant. The agency was unable to produce the defendant by the requisite date. The trial court then ordered the $25,000 forfeited. The defendant was eventually produced to the court and the agency filed a motion for remission of forfeited bond. The court remitted 25 percent of the bond to the agency. Id. at ¶ 3-4.
{¶ 22} On appeal, the Munn court reviewed the trial court's disposition of the motion to remit a forfeited bond under an abuse of discretion standard. Id. at ¶ 14. The court ultimately found that the trial court did not abuse its discretion when it ordered that 25 percent of the forfeited bond be remitted. Id. at ¶ 30. In reaching its decision, the court noted that when determining whether to remit a forfeited bond, the trial court should consider:
(1) the circumstances surrounding the reappearance of the accused, including timing and whether that reappearance was voluntary; (2) the reasons for the accused's failure to appear; (3) the inconvenience, expense, delay, and prejudice to the prosecution caused by the accused's disappearance; (4) whether the surety was instrumental in securing the appearance of the accused; (5) any mitigating circumstances; and (6) whether justice requires the total amount of the bond remain forfeited. [ State v. Am. Bail Bond Agency , 129 Ohio App.3d 708, 712-713, 719 N.E.2d 13 (1998) ]; State v. Duran (2001), 143 Ohio App.3d 601, 604, 758 N.E.2d 742.
Id. at ¶ 15.
{¶ 23} Applying the foregoing to the instant case, I would find that the trial court did not abuse its discretion when it ordered Specialty to refund 80 percent of the bond premium back to Bates. Here, the trial court initially forfeited the Specialty bond for Bates's failure to appear in August 2016. Specialty and Bates each filed a motion to vacate the bond forfeiture. Specialty additionally asked that it be relieved from liability and discharged as the surety. After a hearing, the trial court relieved Specialty from liability, but also ordered that Specialty return 80 percent of the premium paid by Bates. In doing so, the court stated that it
has reviewed the relevant statutes, ORC 3905.01, et seq., and does not find any prohibition for the court to order the *270 return of premium. There are prohibitions against the surety taking such action on its own, especially for purposes of gaining an unfair advantage over other sureties, such as offering discount or return of portion of the premium. This situation is different. The court granted the surety's request to be relieved from the bond and since that responsibility has been released, it is only fair and equitable that the defendant receive back a portion of the premium since the surety is not being required to complete its contractual duties and only had the bond in place for a relatively short period of time with no adverse consequences.
{¶ 24} Under these circumstances, it is apparent that the court considered factors similar to those set forth in Munn . The court considered relevant Ohio law and found that because it granted Specialty's motion to be relieved from responsibility, it was only fair that Bates received a portion of the premium he paid. The court reasoned that this was equitable given that Specialty no longer was required to complete its contractual duties and the bond was in place for a relatively short period of time with no adverse consequence.
{¶ 25} Thus, I would overrule the sole assignment of error and affirm the judgment of the trial court.