[Cite as *State v. McKay*, 2017-Ohio-7918.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

STATE OF OHIO

    Appellee

    v.

CHRISTOPHER J. MCKAY

    Defendant

    and

CAESAR BAIL BOND CO.

    Appellant

C.A. No.    16CA011031

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    12CR085910
                12CR085800
                12CR084925

DECISION AND JOURNAL ENTRY

Dated: September 29, 2017

HENSAL, Presiding Judge.

{¶1}    Caesar Bail Bond Co. appeals an order of the Lorain County Court of Common Pleas that denied its motion for bond remission. For the following reasons, this Court reverses.

I.

{¶2}    After the Grand Jury issued multiple indictments against Christopher McKay, Caesar posted surety bonds for him that totaled $19,000. When Mr. McKay failed to show for his arraignment, the trial court ordered the bonds forfeited and scheduled a show cause hearing on their forfeiture. At the hearing, which Caesar did not attend, the prosecutor informed the court that Mr. McKay had been apprehended in Nebraska on a different offense, so it was only seeking to recover its costs of extraditing Mr. McKay to Ohio, not the entire $19,000. The trial

court subsequently amended its forfeiture order, ordering Caesar to "be responsible for the Sheriff's actual transport costs of [Mr. McKay] * * * in lieu of full bond forfeiture."

{¶3} Fifteen months later, the Lorain County Sheriff contacted a prisoner transport service and learned that it would cost $4,328.57 to bring Mr. McKay from Nebraska. He forwarded that information to the prosecutor, who sent Caesar an invoice for $4,328.57. Caesar paid the amount in full. Caesar's owner testified that, after sending in the payment, he sought reimbursement from the person who co-signed Mr. McKay's contract, Mr. McKay's mother. When he spoke to Mr. McKay's mother, however, she told him that Mr. McKay had never been brought to Ohio. The record indicates that, before the Sheriff investigated how much it would cost to transport Mr. McKay to Ohio, the trial court held a video conference with a Nebraska correctional institution, during which it accepted Mr. McKay's guilty pleas and sentenced him for the offenses.

{¶4} The sentences that the trial court imposed for Mr. McKay's Ohio offenses were shorter than a sentence he was already serving in Nebraska. The trial court also ordered Mr. McKay to serve each of his Ohio sentences concurrent with all of his other sentences. After the sentences for the Ohio offenses were over, Caesar moved for remission of the $4,328.57 it had paid, arguing that the State's "actual" extradition costs had ended up being $0.00. Following a hearing, the trial court denied Caesar's motion, concluding that Caesar's payment of the $4,328.57 had satisfied the judgment against it, resolving the matter. Caesar has appealed, assigning as error that the trial court abused its discretion when it denied its motion for remission.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO REMIT THE ENTIRE AMOUNT OF THE FORFEITED SURETY BOND, AND FAILING TO WEIGH THE FACTORS UNDER O.R.C. 2937.39.

{¶5}    Caesar argues that the trial court abused its discretion when it failed to remit the entire amount it paid under the order of forfeiture and for failing to weigh the factors typically used in determining whether to remit a forfeited bond.  Revised Code Section 2937.39 provides:

> After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or rearrest of the accused on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the person or persons entitled thereto under order or remission.

This Court has recognized that Section 2937.39 grants a trial court "broad discretion" in determining whether to remit a forfeited bond.  *State v. Hollis*, 9th Dist. Lorain No. 3913, 1986 WL 7749, *1 (July 9, 1986).  The parties agree though that the factors identified in *State v. Am. Bail Bond Agency*, 129 Ohio App.3d 708 (10th Dist.1998), provide guidance to a court in deciding whether to remit a forfeited bond.  *Id*. at 712-713.  The State argues the court may also consider any other factor it deems relevant.  *See State v. Jackson*, 153 Ohio App.3d 520, 2003-Ohio-2213, ¶ 9 (3d Dist.).

{¶6}    The trial court does not appear to have considered the factors identified by the parties or any other factors in determining whether to remit Caesar's payment because it considered its judgment "satisfied and the matter resolved[.]"  The State likewise argues that Caesar's payment satisfied the judgment against it.  Upon review of Chapter 2739, however, we

do not believe that Caesar's payment of $4,328.57 precluded it from seeking remission under Section 2937.39.

{¶7} "Bail is security for the appearance of an accused to appear and answer to a specific criminal or quasi-criminal charge in any court or before any magistrate at a specific time or at any time to which a case may be continued, and not depart without leave." R.C. 2937.22(A). Under Criminal Rule 46, bail can take many forms, including "[a] surety bond, a bond secured by real estate or securities * * * or the deposit of cash." Crim.R. 46(A)(3). What happens when bail is declared forfeited depends on the type of bail. If the bail was a cash deposit, "the magistrate or clerk shall proceed forthwith to deal with the sum deposited as if the same were imposed as a fine for the offense charged and distribute and account for the same * * *." R.C. 2937.36(A). If it was a security, "the magistrate or clerk shall proceed to sell the same * * *." R.C. 2937.36(B). If it was a recognizance, such as a surety bond, the court must schedule a show cause hearing. R.C. 2937.36(C). Then, if the defendant is not produced for the show case hearing

> the court or magistrate shall thereupon enter judgment against the sureties * * * in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefor as in civil cases.

*Id*.

{¶8} Section 2937.39 authorizes a court to remit a forfeited bond after the "securities [are] sold[,]" the "cash bail applied[,]" or "judgment has been rendered against a surety[.]" It anticipates that, in some situations, by the time the court orders remission, there may have been "previous application and transfer of cash or proceeds[.]" *Id*. It, therefore, provides a mechanism for the clerk of courts to recoup any remitted bail by allowing the clerk to "deduct an

amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture * * *." *Id.*

{¶9}  The State is correct that this Court will not review questions that do not involve live controversies and that satisfaction of a judgment will render an appeal from that judgment moot. *Bankers Trust Co. of California, N.A. v. Tutin*, 9th Dist. Summit No. 24329, 2009-Ohio-1333, ¶ 6, 8.  Caesar, however, is not appealing the judgment of bond forfeiture that was entered against it under Section 2937.36(C).  Instead, it is seeking review of the denial of its separate statutory right to request remission of a bond that has been forfeited.  R.C. 2937.39.  Neither the trial court nor the State have identified any authority for the proposition that a surety may not seek remission under Section 2937.39 if it has already satisfied a judgment entered under Section 2937.36(C).  This Court has also uncovered no such authority.  Other districts have not identified any prohibitions on the filing of a motion for remission after the forfeiture judgment has been paid. *State v. Ramos*, 6th Dist. Lucas No. L-11-1269, 2012-Ohio-4997, ¶ 6, 19 (reversing denial of motion for remission even though forfeiture judgment was already paid); *see also City of Youngstown v. Durrett*, 7th Dist. Mahoning No. 09 MA 57, 2010-Ohio-1313, ¶ 10; *State v. Munn*, 5th Dist. Stark No. 2006CA00335, 2007-Ohio- 4432, ¶ 4.  In fact, the case that the parties agree sets forth the factors that a court should consider in deciding whether to order remission was a case in which the surety paid the forfeited bond before moving for remission. *Am. Bail Bond Agency*, 129 Ohio App.3d 708, at 711.  The State's position would effectively allow someone who submits a cash bail to have more rights under Section 2937.39 than someone who pays the same amount after judgment is entered on a surety bond.

{¶10}  We, therefore, conclude that the trial court erred when it declined to exercise its discretion under Section 2937.39 and denied Caesar's motion for remission merely because its

forfeiture judgment had been satisfied. *See State v. Cheadle*, 2d Dist. Darke No. 2011 CA 19, 2012-Ohio-2965, ¶ 11 (reversing denial of motion to remit bond when it was "not apparent from the record that the trial court applied the relevant factors in reaching its conclusion."). Caesar's assignment of error is sustained.

III.

**{¶11}** Caesar's assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this decision.

Judgment reversed,<br>
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL<br>
FOR THE COURT

CALLAHAN, J.
CONCURS.

CARR, J.
DISSENTING.

{¶12} I respectfully dissent. The trial court did not enter judgment for a specific amount. Instead, the trial court modified its prior order forfeiting the full bond amount of $19,000 to only require Caesar to pay the actual costs of transport in lieu of full bond forfeiture. The Sheriff then notified Caesar of the exact amount of $4,328.57 to be paid. Caesar sent a check to the Sheriff in the amount of $4,328.57 specifically endorsing the check for the purpose of satisfying the bond judgment.

{¶13} Under these circumstances, Caesar satisfied the judgment against him by paying the amount the court required him to pay in lieu of total bond forfeiture. The court order only required him to pay actual transport costs.

{¶14} Caesar voluntarily accepted the amount specified by the trial court. He never contested the amount prior to satisfying the judgment against him. Instead, Caesar waited a year and a half and then filed a motion to remit bond after paying the amount that was voluntarily agreed upon.

{¶15} I would dismiss the appeal as moot.

APPEARANCES:

GIOVANNA V. SCALETTA-BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MATTHEW A. KERN, Assistant Prosecuting Attorney, for Appellee.