The STATE of Ohio, Appellee,

v.

JACKSON, Appellee; Bankers Insurance Company et al., Appellants.

[Cite as *State v. Jackson,* 153 Ohio App.3d 520, 2003-Ohio-2213.]

Court of Appeals of Ohio,
Third District, Shelby County.

No. 17–03–03.

Decided May 2, 2003.

Richard E. Mayhall, for appellants.

Tonya Thieman, City Prosecutor, for appellee.

THOMAS F. BRYANT, Presiding Judge.

{¶ 1} Third party-appellants, Bankers Insurance Company and John Craven General Agency, Inc., appeal from the judgment of the Sidney, Ohio Municipal Court, denying their motion for remission of bond. This appeal, submitted on the accelerated calendar, is being considered pursuant to App.R.11.1(E) and Loc. R.12. Pursuant to Loc.R.12(5), we elect to issue a full opinion.

{¶ 2} The record presents the following facts. Appellant Bankers Insurance Company, Inc. is engaged in the bail bonds business. Appellant John Craven General Agency, Inc. is Bankers' general agent in the state of Ohio. On September 11, 2002, Craven's agent for Shelby County, Ohio, posted a $5,000 surety bond on behalf of Christina Jackson in the Sidney Municipal Court. By the terms of the bond, Jackson was to appear on November 6, 2002, to face charges of child endangering. When Jackson did not appear in court as ordered, the trial court instructed appellants to produce Jackson by December 2, 2002, or face forfeiture of the bond. The appellants failed to appear with Jackson on that date and, consequently, the court ordered the bond forfeited. Two days later, on December 4, 2002, a Sidney police officer arrested Jackson and took her into custody.

{¶ 3} On December 18, 2002, appellants filed a motion for remission of bond, requesting full or partial remission of the forfeited bond pursuant to R.C. 2937.39. According to the motion, appellants searched diligently for Jackson but could not locate her. Appellants insisted that in light of the short time between the bond forfeiture and Jackson's arrest, remission would be fair and appropriate. Additionally, appellants cited the extreme financial burden placed on the individual who indemnified the bond for Jackson. On December 19, 2002, the municipal court summarily denied the motion without hearing. It is from this order that appellants now appeal.

{¶ 4} Appellants raise one assignment of error:

"The trial court erred and abused its discretion in failing to grant remission of the forfeited bond to appellants."

{¶ 5} The purpose of bail is to ensure that a criminal defendant appears at all stages of the criminal proceedings. *State v. Hughes* (1986), 27 Ohio St.3d 19, 20, 27 OBR 437, 501 N.E.2d 622, quoting Crim.R. 46(A). By posting a bail bond, a surety guarantees that it will produce the accused in court when called. Crim.R. 46. Therefore, when the accused does not appear in court as ordered, the surety faces forfeiture of the bond. However, R.C. 2937.39 provides:

"After judgment has been rendered against surety * * *, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, may remit all or such portion of the penalty as it deems just * * *."

{¶ 6} The consideration of bond remission pursuant to R.C. 2937.39 is a matter of first impression for this court. The statute itself hands down no obligatory factors for a trial court to consider but rather grants the court discretion, as indicated by the use of the phrase, "may remit." Therefore, the only issue before this court is whether, under the totality of the circumstances, the trial court abused its discretion when it refused to grant remission of appellants' bond. An abuse of discretion is more than a mere error of law or judgment; it implies that the trial court's attitude in reaching that judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 7} Other Ohio appellate courts have considered post-appearance bond remission pursuant to R.C. 2937.39 and have set forth certain factors for courts to consider. In *State v. Patton* (1989), 60 Ohio App.3d 99, 573 N.E.2d 1201, the Sixth District Court of Appeals held that when determining whether to grant bond remission, the court should balance the ultimate appearance of the defendant against inconvenience and delay to prosecution, the expenses incurred by the state, and the willfulness of the violation. In *State v. Am. Bail Bond Agency* (1998), 129 Ohio App.3d 708, 719 N.E.2d 13, the Tenth District Court of Appeals recommended that courts consider whether the bond surety failed to follow their own procedures for posting bail bonds, whether the surety grossly neglected their duty to conduct a reasonable investigation of the accused's background, and whether the surety failed to take the necessary and routine steps to ensure the accused's appearance.

{¶ 8} In *State v. Christensen* (Apr. 16, 1999), Greene App. No. 98CA53, 1999 WL 218146, the Second District Court of Appeals determined that the trial court had abused its discretion in denying a motion to remit a $10,000 bond after finding (1) that the inconvenience and delay to the prosecution was minimal, (2) the hearing delayed was an arraignment, not a trial, and so no witnesses or jurors were inconvenienced, (3) the bailiffs arrested the defendant within hours after she failed to appear, (4) there was little expense involved in securing the defendant's presence in court, and (5) the defendant's failure to appear may not have been willful. Similarly, in *State v. Duran* (2001), 143 Ohio App.3d 601, 758 N.E.2d 742, the Sixth District held that the trial court's decision to grant only a partial remittance of a bond was not an abuse of discretion, since the state was prejudiced by the delay and inconvenience, the defendant's failure to appear at the suppression hearing was a willful attempt to avoid prosecution, and the bail bond company was not instrumental in securing defendant's appearance.

{¶ 9} In summation, we note that the appellate districts, upon consideration of this issue, uniformly require trial courts to consider and weigh various factors in order to reconcile the purposes of both bail and bond remission. We agree with these decisions and hold that when considering a request for post-appearance bond remission pursuant to R.C. 2937.39, a trial court should balance the reappearance of the accused and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense, and delay suffered by the state and any other factors the court finds relevant. A trial court's conclusions after conducting this balancing test will not be reversed absent a showing of abuse of discretion.

{¶ 10} In the matter sub judice, the trial court denied appellants' motion for remission in a summarized judgment entry and did not set forth the reasons for its denial. In the absence of a record we are unable to ascertain the trial court's reasons for denying the motion and are unable to review the propriety of its considerations. Therefore, we find the trial court's decision arbitrary and an abuse of discretion. Appellant's sole assignment of error is sustained.

{¶ 11} For the reasons stated, it is the order of this court that the judgment of the Sidney, Ohio Municipal Court be, and hereby is, reversed and remanded for further consideration in accordance with this opinion.

Judgment reversed
and cause remanded.

SHAW and CUPP, JJ., concur.