OPINION
{¶ 1} Intervening party appellant All-American Big Bob's Bail Bonding, Inc. (All-American) appeals the decision of the Jefferson County Common Pleas Court denying its motion for a remittitur in the criminal case State v. Lonnie Smith, 03CR269. One issue is raised in this appeal; whether the trial court abused its discretion in denying All-American's motion for remittitur. For the reasons expressed below, the judgment of the trial court is hereby affirmed.
 STATEMENT OF FACTS AND CASE {¶ 2} In criminal case 03CR269 Lonnie Smith was being tried for drug offenses. Seven days prior to trial, after sitting in jail for almost five months awaiting trial, All-American, through its agent L S Bail Bonds, Inc., wrote a bond for Smith. The stated bond was for $50,000. L S Bail Bonds received $3,000 up front and a promissory note for the remaining $2,000. The application for the bond only contains Smith's name, identifies him as a Black male and indicates that he is 22 years old.
 {¶ 3} On March 29, 2004, during the lunch break of his trial, Smith fled the jurisdiction. L S Bail Bonds was notified and a warrant was issued for Smith's arrest. Smith's trial continued without him and he was convicted.
 {¶ 4} On June 16, 2004 the trial court issued a judgment entry stating that the bond was not forfeited at that time. 06/16/04 J.E. It gave All-American and L S until July 14, 2004 to locate and apprehend Smith. 06/16/04 J.E. It stated if Smith was not located at that time, the bond would be forfeited. 06/16/04 J.E. On July 23, 2004, after Smith had not been apprehended, the trial court issued a judgment entry stating the $50,000 bond was forfeited and ordered that amount to be paid immediately. The $50,000 was paid on August 3, 2004. On November 29, 2004, All-American, by hiring recovery agents, captured Smith. This was approximately eight months after the warrant was issued.
 {¶ 5} On February 18, 2005, All-American filed a motion for remittitur. That same day, the trial court overruled the motion without holding a hearing. However, on February 28, 2005, a hearing was held on the motion for remittitur. During that hearing, the trial court once again denied the remittitur motion. This decision was journalized on March 2, 2005.
 {¶ 6} In August 2005, All-American filed a Motion for Remission on a Previously Forfeited Bail and Request for Oral Hearing, i.e. a second motion for remittitur. The hearing occurred on September 12, 2005. On September 13, 2005, the trial court denied the motion. 09/13/05 J.E.
 {¶ 7} On October 13, 2005, All-American filed a motion for findings of fact and conclusions of law. On October 18, 2005, the trial court issued a judgment entry. It explained that the August 2005 Motion for Remission of a Previously Forfeited Bail was a second request for remission of the bond. The first request occurred in February 2005, and had been disposed of by the March 2, 2005 journal entry denying the same. The court explained that the March 2, 2005 judgment entry contained findings of fact and conclusions of law. It reasoned:
 {¶ 8} "Out of an abundance of caution and to insure a complete record the Court allowed All American a supplemental hearing conducted on September 12, 2005. The Supplemental hearing of September 12, 2005 revealed that the Finding of Fact and Conclusions of Law previously set forth in this Court's Order of March 2, 2005 were correct. The supplemental hearing also revealed that All American and its agents were even more negligent than the Court first thought. * * *
 {¶ 9} "* * *
 {¶ 10} "The only thing that changed between the first order of March 2, 2005 and the hearing of September 12, 2005 involved a bond in another case. All American's bond of Jassie Singh, a citizen of India was ordered forfeited by another judge when Singh also failed to return from lunch. At the time of the first hearing in this case All American was refusing to pay any part of the $175,000.00 bond it owed in the Singh case, by the time of the second hearing All American had compromised its $175,000.00 bond for $100,000.00 paying less than 2/3 of its actual obligation for a Defendant who still has not been recovered and is thought to be back in India.
 {¶ 11} "All of the Findings of Fact and Conclusions of Law set forth in this Court's prior Order of March 2, 2005 are incorporate by reference herein." 10/18/05 J.E.
 {¶ 12} The notice of appeal was filed on October 26, 2005. On December 8, 2005, this court ordered All-American to file a jurisdictional memorandum on the timelines of this appeal. All-American's jurisdictional memorandum was filed on January 9, 2006. The state filed its memorandum in opposition on February 2, 2006. On February 16, 2006, this court issued a judgment entry stating:
 {¶ 13} "In fairness to appellant, the question of jurisdiction and standing is continued and will be resolved prior to a determination of the merit to this appeal. Appellant granted twenty (20) days to file assignments of error and brief." All-American's brief was filed on March 8, 2006, the state's brief was filed on March 28, 2006. All-American filed a reply brief on April 5, 2006.
 {¶ 14} Thus, before addressing the merits of this appeal, the jurisdictional issue must be resolved.
 JURISDICTIONAL ISSUES {¶ 15} Two questions are presented in All-American's jurisdictional brief.
 {¶ 16} "WHETHER INTERVENING PARTY-APPELLANT ALL-AMERICAN BIG BOB'S BAIL BONDING, INC. IS TIME-BARRED FROM FILING THE INSTANT APPEAL BY THE FACT THAT IT DID NOT APPEAL THE TRIAL COURT'S JULY 23, 2004 ORDER DECLARING DEFENDANT LONNIE SMITH'S BOND FORFEITED AND ORDERING THE BOND TO BE PAID?"
 {¶ 17} "WHETHER INTERVENING PARTY-APPELLANT ALL-AMERICAN BIG BOB'S BAIL BONDING, INC. IS TIME-BARRED FROM FILING THE INSTANT APPEAL BY THE FACT THAT IT DID NOT APPEAL THE TRIAL COURT'S DECISION ON ITS FEBRUARY 18, 2005 MOTION FOR REMISSION OF BOND?"
 {¶ 18} The issue presented by these questions is whether All-American's appeal was timely. There are four orders at question to determine this issue. The first order is the July 23, 2004 order that stated that the bond was forfeited. The second order is the March 2, 2005 order which denied All-American's motion for remittitur. The third order is the September 13, 2005 order denying the Motion for Remission, i.e. the second motion for remittitur. The last order is the October 18, 2005 order that addressed All-American's request for findings of fact and conclusions of law.
 {¶ 19} The notice of appeal was filed on October 26, 2005. Thus, it was filed within 30 days of the October 18, 2006 order. However, if All-American was required to file the notice of appeal from either the July 23, 2004 order, the March 2, 2005 order, or the September 13, 2005 order, then the notice of appeal would be untimely and our jurisdiction would not have been properly invoked.
 {¶ 20} Thus, for our purposes, each order must be looked at to determine whether it was a final appealable order from which All-American could have or should have appealed. The July 23, 2004 order rendered the bond forfeited. All-American contends that this order was not the appropriate order to appeal from because it was not a final appealable order. The state agrees. Both parties are correct.
 {¶ 21} Crim.R. 46(I) states that when a defendant fails to appear at a required court hearing, any bail given for the defendant's release may be forfeited. In a criminal case, a bond forfeiture order is not a final appealable order. State v.McLaughlin (1997), 122 Ohio App.3d 418, 420; State v. Williams
(1973), 40 Ohio App.2d 310, 312; State v. Stuber, 3d Dist. No. 5-02-49, 2003-Ohio-2938. Thus, the July 23, 2004 order forfeiting the bond is not a final appealable order and could not have been appealed from. Furthermore, All-American would have no basis to appeal this order. The trial court was acting well within its power to declare the bond forfeited. Moreover, All-American does not find fault with the July 23, 2004 order, it finds fault with the trial court's determination that after All-American captured Smith and returned him to Jefferson County's jurisdiction it denied its motion for a return of part or all of the forfeited bond, i.e. a remittitur. Thus, All-American is correct that they were not required to appeal from the July 23, 2004 order.
 {¶ 22} The next three orders, March 2, 2005, September 13, 2005, and October 18, 2005, were all denials of All-American's motion for remittitur. Denials of a motion for remittitur of bail are final appealable orders. However, the notice of appeal must be timely filed to properly invoke this court's jurisdiction.
 {¶ 23} The state argues that the notice of appeal was not timely because it should have been filed within 30 days of the March 2, 2005 order or at the latest within 30 days of the September 13, 2005 order. All-American contends that the appeal was timely filed because it never received notice of the prior orders and the orders did not comply with Civ.R. 58.
 {¶ 24} Civ.R. 58(B) states:
 {¶ 25} "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket."
 {¶ 26} In civil cases, where the trial court never instructed the clerk to send notices to the parties and where no notices were sent in compliance with Civ.R. 58(B), the appeal, even if it is filed past the 30 day deadline, is deemed timely under App.R. 4(A). Whitehall ex rel. Fennessy v. Bambi Motel (1998),131 Ohio App.3d 734, 741.
 {¶ 27} Here, neither the March 2, 2005 judgment nor the September 13, 2005 judgment directs the clerk to serve the judgments on All-American. Admittedly, this case is captioned as a criminal case and there is no Ohio Criminal Rule that is equivalent to Civ.R. 58 requirements. However, the nature of the case is not completely criminal. The case was criminal in nature as to Lonnie Smith. However, as to All-American and the remission of the bond, it is more civil in nature. Thus, it is the opinion of the this court that in instances, such as the one before us, the trial court should have directed the clerk of courts to serve copies of the judgments on All-American. Or, in other words, Civ.R. 58(B) should have been followed. This would allow All-American to have notice of the judgment against it.
 {¶ 28} We are not the first appellate court to make such a holding. The Sixth Appellate District has explained:
 {¶ 29} "In Atkinson v. Ohio Grumman Corp. (1988),37 Ohio St.3d 80, the court held that the time to file an appeal had not begun to run where the appellant had never been served with notice of the final judgment of the trial court pursuant to Civ.R. 58(B). This rule also applies to final judgments in criminal proceedings which take place after the defendant is sentenced. See State v. Lawhorn (Apr. 10, 1997), Cuyahoga App. No. 71166, appeal dismissed (1997), 79 Ohio St.3d 1458. See, also, Upper Sandusky v. Lambert, 3d Dist. No. 16-01-18, 2002-Ohio-5139, at ¶ 8, appeal denied (2003), 98 Ohio St.3d 1477. (`[T]he rule or law is that this notification by mail applies only to final appealable judgments or orders to ensure that a party suffers no prejudice by a final judgment of which he was unaware '); State v. Jackson (June 22, 1995), Cuyahoga App. Nos. 67025, 67876, 68085, appeal dismissed (1995),74 Ohio St.3d 1462, certiorari denied (1996), 517 U.S. 1214." State v.Raitz, 6th Dist. No. L-03-1118, 2003-Ohio-5687.
 {¶ 30} Consequently, as there was no direction to the clerk to serve All-American, the failure to file an appeal within 30 days of either the March 2, 2005 or September 13, 2005 orders does not render the October 26, 2005 notice of appeal untimely.
 {¶ 31} The last judgment is the October 18, 2005 judgment. This judgment directed the clerk to serve all parties. As such, Civ.R. 58(B) was complied with. As the notice of appeal was filed within 30 days of this judgment, we find that our jurisdiction was properly invoked. As such, the merits of this appeal will now be addressed.
 MERITS ASSIGNMENT OF ERROR {¶ 32} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED INTERVENING PARTY-APPELLANT ALL-AMERICAN'S MOTION FOR REMISSION OF BOND."
 {¶ 33} We review the trial court's denial of All-American's Motion for Remittitur for an abuse of discretion. State v.American Bail Bond Agency (1998), 129 Ohio App.3d 708, 713. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 34} R.C. 2937.39 provides for the remission of bond and states:
 {¶ 35} "After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the persons entitled thereto under order or remission."
 {¶ 36} In American Bail Bond Agency, the court identified six factors to consider:
 {¶ 37} "1. The circumstances surrounding the subsequent appearance by the defendant, including the timing, and whether her reappearance was voluntary;
 {¶ 38} "2. The reasons for defendant's failure to appear * * *;
 {¶ 39} "3. The inconvenience, expense, delay and any other prejudice to the prosecution;
 {¶ 40} "4. Whether the [sureties were] instrumental in securing the appearance of the defendant;
 {¶ 41} "5. Any mitigating circumstances; and
 {¶ 42} "6. Whether justice requires that the entire amount of the bail remain forfeited." American Bail Bond Agency,129 Ohio App.3d at 712.
 {¶ 43} The Third Appellate District has further explained:
 {¶ 44} "In summation, we note that the appellate districts, upon consideration of this issue, uniformly require trial courts to consider and weigh various factors in order to reconcile the purposes of both bail and bond remission. We agree with these decisions and hold that when considering a request for post-appearance bond remission pursuant to R.C. 2937.39, a trial court should balance the reappearance of the accused and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense, and delay suffered by the state and any other factors the court finds relevant." State v.Jackson, 153 Ohio App.3d 520, 2003-Ohio-2213, at ¶ 9.
 {¶ 45} All-American contends that the trial court abused its discretion when it denied its motion for remission. It contends that the trial court's decision was not based upon the weighing of factors, but rather was based upon its dislike for All-American and for what occurred in the Jassie Singh case.
 {¶ 46} All-American is correct that the trial court does reference the Singh case in making its judgment. However, the trial court also references the six factors and discusses All-American's practices of bonds.
 {¶ 47} Regarding the six factors, the trial court indicates that Smith did not voluntarily appear and that it took eight months for All-American to recapture him. 03/02/05 J.E. The trial court also found that the State of Ohio was inconvenienced, delayed and prejudiced by Smith's disappearance. 03/02/05 J.E. The court indicated that it found no mitigating circumstances. 03/02/05 J.E. It further stated:
 {¶ 48} "Justice in this case, does not require the Court to remit the bond. Defendant was a 2-time convicted felon from Chicago. He had previously been convicted for manufacturing drugs and Mob Action in Illinois. Defendant had no ties to the community and extensive ties to the Chicago area. Defendant had seven (7) aliases and the offense in this case occurred while different weapon and drug felonies were pending against this Defendant. Despite all these facts, Movants assisted this Defendant with bond." 03/02/05 J.E.
 {¶ 49} Regarding All-American's bonding practice, the trial court noted that the information All-American took from Smith when it bonded him out was that he was a Black male and he was 22 years old. 10/18/05 J.E. The paperwork lacked a description of Smith, his date of birth, a photograph, and address. 10/18/05 J.E. The trial court was also aware that All-American did not have a phone number for Smith and that they knew he was not employed. 09/15/05 Tr. 32. The court also references the fact that All-American bonded Smith out days before his trial but after he had sat in jail for almost five months. 10/18/05 J.E.
 {¶ 50} As referenced above, Jackson indicates that the trial court in addition to considering the reappearance of the accused, efforts expended in catching the accused, and the delay and inconvenience to the state, it may also consider any other factor it deems relevant. 153 Ohio App.3d 520, 2003-Ohio-2213, at ¶ 9. Thus, the trial court's reference to All-American's bonding practice and using the Singh case as an example is appropriate. The trial court was of the opinion that All-American needed to make better choices of who to act as a surety to. As the trial court explained:
 {¶ 51} "THE COURT: And I'll tell you, if I don't remit the bond, if I don't pay you back, although it probably does deflate any incentive you have to go looking for them after the bond's been paid —
 {¶ 52} "MR. DIMARTINO: Yes, Your Honor.
 {¶ 53} "THE COURT: — it might create an incentive to do the job right up front. If the law requires 10 percent, which was $5,000 in this case as a fee —
 {¶ 54} "MR. DIMARTINO: Yes, Your Honor.
 {¶ 55} "THE COURT: — what kind of joke is a — is a $2,000 note from some guy that never had a job more than ten minutes in his whole life? What kind of joke is that?
 {¶ 56} "MR. DIMARTINO: It — it can be somewhat industry practice believe it or not, Your Honor. It can be. It's not always." 09/12/05 Tr. 45.
 {¶ 57} In making the choice it did, not to remit any portion of the bond, the trial court considered the fact that remitting the bond provides an incentive for bondsmen to find those who have skipped bond. However, it determined that given All-American's past practices, the only incentive it could give this company to make better choices in bonding was not to remit the bond in this case. The trial court did not abuse its discretion in considering this factor; the factor is relevant to its decision.
 {¶ 58} Moreover, the above is just one factor the court considered. The record is devoid of any indication that its decision was based solely upon that one factor. As aforementioned, the record provides ample evidence that the trial court considered other factors as set forth in the court cases discussed earlier, and weighed them accordingly. Consequently, we cannot conclude that the trial court abused its discretion by denying the motion for remittitur. This assignment of error lacks merit.
 {¶ 59} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
Waite, J., concurs.