OPINION
{¶ 1} Appellant, Acme Bonding Company, Inc., appeals the decision of the Youngstown Municipal Court refusing to remit part of a forfeited bond for a criminal defendant who failed to appear at multiple court appearances. The record does not contain the actual bonds that were forfeited. The record reveals that the defendant failed to appear at trial and also failed to appear for numerous bond forfeiture hearings in 1999 and 2001. The bond was forfeited in 2001, but Appellant waited until June of 2007 to file a motion for remission of bond forfeiture. The trial court overruled Appellant's motion due to lack of evidence and because of the extreme delay in filing the motion. The record supports the trial court's judgment, and there is no abuse of discretion in this case. The judgment of the trial court is affirmed.
 {¶ 2} Since the bonding company is the Appellant in this case, the defendant will simply be referred to by her name, Ms. Patrisha Thomas, or as defendant. On May 9 and 10, 1999, Ms. Thomas was charged in three separate cases with resisting arrest, an expired operating license, and two traffic violations. All the charges were misdemeanors. Ms. Thomas was arrested, and Appellant posted a $5,500 bond on May 11, 1999. There is no bond in the record, although there is a notation on a photocopied bond register that the bond was posted.
 {¶ 3} Ms. Thomas failed to appear for trial on May 20, 1999. The court sent Appellant and Ms. Thomas notice of a bond forfeiture hearing scheduled for June 22, 1999. There is no indication that the hearing took place or that Ms. Thomas was apprehended, and the hearing was postponed to July 21, 1999. The court sent new notice of the postponed hearing date. Ms. Thomas was not apprehended by July 21, *Page 2 
1999, and Mr. Horvath testified that the court gave him 30 more days to find Ms. Thomas. Mr. Horvath indicated that the police found Ms. Thomas on August 31, 1999. The forfeiture hearing was postponed again until September 29, 1999.
 {¶ 4} On September 29, 1999, a new capias was issued to rearrest Ms. Thomas. The record indicates that she was rearrested on October 20, 1999, and was released due to jail overcrowding the same day. A new hearing was scheduled for October 21, 1999. She pleaded not guilty at that time, and trial was reset to October 29, 1999. She appeared, but trial was reset again to December 22, 1999. She appeared on that date, but trial was once again reset to December 29, 1999. Ms. Thomas failed to appear on December 29, 1999, and another arrest warrant was issued.
 {¶ 5} In May 2001, Ms. Thomas had not yet been apprehended. The court sent notice to Appellant and Ms. Thomas of a bond forfeiture hearing set for June 12, 2001. Neither Mr. Horvath nor Ms. Thomas appeared at the hearing, and the court ordered the $5,500 bond forfeited that same day. The court ordered Appellant to remit a check for $5,500 to the court by June 30, 2001, or risk the suspension of its authority to issue future bonds.
 {¶ 6} Appellant filed a motion to vacate the bond forfeiture judgment on June 26, 2001. The court denied the motion on August 6, 2001. There is no indication that Ms. Thomas had been apprehended at any point while these proceedings were taking place. *Page 3 
 {¶ 7} Ms. Thomas was arrested and appeared in court on June 3, 2002. A new bonding company posted a bond of $5,000. She later pleaded no contest to resisting arrest.
 {¶ 8} On June 6, 2007, Appellant filed a motion for remission of forfeited bond. The court held a hearing on March 12, 2008. The only witness at the hearing was Mr. James Horvath. The court overruled the motion by judgment entry filed on March 19, 2008. This appeal followed on April 14, 2008.
 {¶ 9} Appellee has not filed a brief in this case. Pursuant to App. R. 18(C), this Court, "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."
 ASSIGNMENT OF ERROR {¶ 10} "The trial court abused its discretion in denying the Motion for Remission of Penalty in its entirety."
 {¶ 11} The purpose of bail is to ensure that a criminal defendant appears at all stages of the criminal proceedings. State v. Hughes
(1986), 27 Ohio St.3d 19, 20, 27 OBR 437, 501 N.E.2d 622; Smith v.Leis, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d, ¶ 34; Reynolds v.United States (1959), 80 S.Ct. 30, 32, 4 L.Ed.2d 46. Crim. R. 46(I) states: "Any person who fails to appear before any court as required is subject to the punishment provided by the law, and any bail given for the person's release may be forfeited." *Page 4 
 {¶ 12} We have previously dealt with the remission of bail bonds inState v. Smith, 7th Dist. No. 05 JE 49, 2006-Ohio-4614. InSmith, we determined that a denial of a motion for remission of part or all of a bail bond is a final appealable order. Smith identified six factors for the trial court to consider in a motion to remit a bond:
 {¶ 13} "1. The circumstances surrounding the subsequent appearance by the defendant, including the timing, and whether her reappearance was voluntary;
 {¶ 14} "2. The reasons for defendant's failure to appear * * *;
 {¶ 15} "3. The inconvenience, expense, delay and any other prejudice to the prosecution;
 {¶ 16} "4. Whether the [sureties were] instrumental in securing the appearance of the defendant;
 {¶ 17} "5. Any mitigating circumstances; and
 {¶ 18} "6. Whether justice requires that the entire amount of the bail remain forfeited." Id. at ¶ 37-42, citing State v. American Bail BondAgency (1998), 129 Ohio App.3d 708, 712 N.E.2d 13.
 {¶ 19} Smith also held that: "`when considering a request for post-appearance bond remission pursuant to R.C. 2937.39, a trial court should balance the reappearance of the accused and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense, and delay suffered by the state and any other factors the court finds relevant.'" Id. at ¶ 44, quoting State v. Jackson,153 Ohio App.3d 520, 2003-Ohio-2213, 795 N.E.2d 57, at ¶ 9. *Page 5 
 {¶ 20} "[T]he surety * * * bears the burden of proof on the matter of remission and its amount, [and] the surety must present evidence relevant to the costs and inconvenience incurred." State v.Thornton, 2nd Dist. No. 20963, 2006-Ohio-786, ¶ 18.
 {¶ 21} Appellant argues that the trial court refused to take judicial notice of the record in this case, and mistakenly took judicial notice of facts in three other cases Appellant filed to obtain remission of other bond forfeitures. As to the first point, the record does not support Appellant's assertion. The trial court's judgment entry recites and relies on the procedural history of this case. The trial judge repeatedly referred to the procedural history of the case during the March 12, 2008, hearing on the motion to remit part of the forfeited bond. Appellant seems to believe that there was some error in the trial court's statement that the purpose of the hearing was for the court to determine the facts of the case, primarily the facts as remembered by Mr. Horvath. At any non-jury hearing, it is the court itself that acts as the trier of fact. State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972. Appellant presented evidence at the hearing on the motion to remit. Appellant cannot now complain that the trial court actually considered the evidence it presented at that hearing. The court relied on Mr. Horvath's testimony to determine whether the issue of remitting part of the forfeited bond was raised in previous court proceedings. The record reflects the dates of numerous hearings in this case, but Appellant did not provide any transcripts or other documentation of those hearings as evidence to support the motion for remission. Therefore, the court was free to use whatever evidence was available, *Page 6 
particularly the testimony of Mr. Horvath, to determine why Appellant waited so many years to file the motion for remission. Mr. Horvath indicated that he previously tried to have the forfeiture overturned or reduced, and the trial court took this into account in rendering its judgment.
 {¶ 22} Appellant is also incorrect that the court improperly took judicial notice of other proceedings in ruling on the motion for remission. Generally, a court may not take judicial notice of what occurred during the actual litigation of another case, or even of its own judgments in another case if they were not introduced as evidence in the case presently before the court. Dombelek v. Ohio Bur. of Workers'Comp., 154 Ohio App.3d 338, 2003-Ohio-5151, 797 N.E.2d 144,2003-Ohio-5151, ¶ 26. Here, though, Appellant's counsel himself referred to the other remission hearings that took place in the same court, and the trial court's passing reference to the other hearings was nothing more than an observation that, "three other cases [were] litigated this year." (3/19/08 J.E., p. 4.)
 {¶ 23} Appellant argues that the trial court improperly concluded that there was an unreasonable delay in filing the motion for remission of the forfeited bond. The trial court referred to the difficultly in reconstructing the record in this case because the original files no longer exist, the original judge in the case was no longer on the bench, and the court's prior system of recording docket entries on the misdemeanor case jackets was not as detailed as it is today. Appellant contends that it was not responsible for these problems, and that the court should not have used these facts to deny remission of the bond. Appellant's argument disregards a basic *Page 7 
premise of the law here; it was Appellant's burden to prove to the court that the bond should be remitted. It was not the court's or the prosecutor's duty to prove Appellant's case. After examining the evidence, the court described the paucity of Appellant's proof, based in large part on the deterioration of the record due to the delay in filing the motion.
 {¶ 24} Appellant's final argument is that it was no longer responsible for Ms. Thomas' appearance in court after she was released from jail on October 20, 1999. Therefore, it was not subject to possible forfeiture of the bond. Ms. Thomas was released on that date due to jail overcrowding. There is no indication that any new bond was issued as a prerequisite to Ms. Thomas' release on October 20, 1999, and we may assume for the sake of argument that she was released on her own recognizance at that time. Ms. Thomas failed to appear for trial on December 29, 1999, and was not apprehended again until June, 2002. Appellant's bond was declared forfeited by the court on June 12, 2001. Appellant assumes that it was not responsible for Ms. Thomas' failure to appear on December 29, 1999, and that its bond could not be held forfeited for the non-appearance on that date. Appellant fails to consider that Ms. Thomas had already missed at least two court appearances prior to October 20, 1999, while the bond was unquestionably still in effect.
 {¶ 25} Appellant cites R.C. 2937.40(A) to further its argument:
 {¶ 26} "(A) Bail of any type that is deposited under sections 2937.22
to 2937.45 of the Revised Code or Criminal Rule 46 by a person other than the accused *Page 8 
shall be discharged and released, and sureties on recognizances shall be released, in any of the following ways:
 {¶ 27} "(1) When a surety on a recognizance or the depositor of cash or securities as bail for an accused desires to surrender the accusedbefore the appearance date, the surety is discharged from further responsibility or the deposit is redeemed in either of the following ways:
 {¶ 28} "(a) By delivery of the accused into open court;
 {¶ 29} "(b) When, on the written request of the surety or depositor, the clerk of the court to which recognizance is returnable or in which deposit is made issues to the sheriff a warrant for the arrest of the accused and the sheriff indicates on the return that he holds the accused in his jail.
 {¶ 30} "(2) By appearance of the accused in accordance with the terms of the recognizance or deposit and the entry of judgment by the court or magistrate;
 {¶ 31} "(3) By payment into court, after default, of the sum fixed in the recognizance or the sum fixed in the order of forfeiture, if it is less." (Emphasis added.)
 {¶ 32} In section (A)(1) of the statute, the surety may be relieved of further liability by surrendering the accused "before the appearance date." Here, however, the defendant was brought to court only after her required hearing and trial dates. Ms. Thomas had violated the terms of her bond both before and after October 20, 1999, and her eventual appearance in court in June of 2002 did not change the fact that the terms of the bond had already been violated. Once the defendant failed to *Page 9 
appear, Appellant could not rely on section (A)(1) of the statute. Appellant could only attempt to ameliorate the expected forfeiture of the bond by bringing the defendant into court at some later date. It would then be up to the discretion of the court to determine whether the bond should be forfeited or not. There is no requirement that the court disregard forfeiture of the bond simply because the defendant appears in court at some later date.
 {¶ 33} None of Appellant's arguments are persuasive. The record supports the trial court judgment, particularly in that Appellant's evidence consisted almost entirely of the vague and unsure testimony of Mr. Horvath. There was no supporting evidence from any police officer, any alleged bounty hunter, or other type of record that might prove that Appellant helped to bring Ms. Thomas back into court in a timely manner. There is no evidence at all showing Appellant took additional steps to insure that Ms. Thomas would not miss any more court dates after she missed her first hearing date on May 20, 1999. Mr. Horvath did not attend the hearing in 2001 on a motion to vacate the forfeiture of the bond, so he could not testify as to why that motion was denied. Furthermore, Appellant waited over five years after Ms. Thomas was convicted and sentenced to file a motion to remit part of the forfeited bond. Given the lack of evidence supporting Appellant's motion and the lengthy delay in filing the motion to remit, the trial court was well within its discretion to overrule the motion for remission of bond forfeiture. The judgment of the trial court is affirmed.
Vukovich, P.J., concurs.
DeGenaro, J., concurs. *Page 1