[Cite as *State v. Kondush*, 2011-Ohio-1963.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95526

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BORYS KONDUSH

DEFENDANT

## [APPEAL BY SENECA INSURANCE COMPANY]

---

JUDGMENT:
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-468483

**BEFORE:**  Kilbane, A.J., Blackmon, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:**   April 21, 2011

ATTORNEYS FOR APPELLANT

For Seneca Insurance Company

Larry W. Zukerman
S. Michael Lear
Zukerman, Daiker & Lear Co., LPA
3912 Prospect Avenue
Cleveland, Ohio 44115

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Matthew E. Meyer
Thorin O. Freeman
Assistant County Prosecutors
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

**{¶ 1}** Appellant, Seneca Insurance Company (Seneca), appeals from the trial court's denial of its motion to relieve surety of liability on the bond. Finding merit to the appeal, we reverse and remand.

**{¶ 2}** This appeal arises out of a criminal case by plaintiff-appellee, the state of Ohio (State) against defendant, Borys Kondush (Kondush). On August 1, 2005, Kondush was charged in a six-count indictment. Counts 1 and 2 charged him with aggravated vehicular homicide, Counts 3 and 4 charged him with aggravated vehicular assault, Count 5 charged him with failure to stop after an accident, and Count 6 charged him with driving under the influence. Kondush's bond was originally set at $250,000. On August 5, 2005, he filed a motion to reduce his bond, which the trial court granted. The trial court reduced his bond to $25,000, which was posted by Seneca.

**{¶ 3}** The matter proceeded to jury trial in October 2005, at which Kondush was found guilty of aggravated vehicular homicide (Count 1), negligent homicide (the lesser included offense in Count 2), negligent assault (the lesser included offense in Count 4), and driving under the influence (Count 6). The jury found him not guilty of aggravated vehicular assault as charged in Count 3, and the trial court dismissed Count 5 (failure to stop after an accident) at trial.

{¶ 4} After the verdict, the trial court referred Kondush to the probation department for a presentence investigation and continued his bond, with the modification that "bondsmen to be notified to see if he objects to [Kondush] remaining out on original bond." That same day, Seneca filed a motion to relieve liability on the bond. Seneca argued that the circumstances had changed because Kondush was now convicted of a first degree felony. As a result, it believed that Kondush was a flight risk because he is not a United States citizen.

{¶ 5} On November 9, 2005, Kondush failed to appear in court, at which time a capias was issued. The trial court ordered that the bond be forfeited and ordered Seneca to produce Kondush by December 9, 2005, which Seneca failed to do. On January 20, 2006, Seneca filed a motion to vacate the bond forfeiture judgment and release surety of liability for good cause shown, which the trial court denied. On February 27, 2007, the trial court entered judgment and awarded execution against Seneca in the amount of $25,000 for failing to produce Kondush. The court further ordered that if Seneca does not satisfy the judgment within 60 days, "the clerk of courts is instructed to accept no further recognizances from [Seneca]." In response, Seneca filed a motion, seeking an extension of time to pay the $25,000. The trial court granted the extension of time motion on May 11, 2007, giving Seneca 60 days to locate Kondush.

{¶ 6} Then on July 18, 2007, the trial court granted a stay on the execution of the bond judgment, giving Seneca an additional 30 days. On August 14, 2007, Seneca filed a motion to "relieve surety of liability on the bond." Seneca argued that it should be relieved from liability because it complied with the trial court's modification by timely filing its objection to the continuance of the bond after Kondush was convicted. On August 15, 2007, the trial court denied this motion and ordered the clerk to send a copy of the order to Seneca's attorney.

{¶ 7} From February 2008 to June 2010, Seneca filed six additional motions "to relieve surety of liability on the bond." The trial court denied each motion, but granted Seneca a stay of execution of the judgment until the most recent motion filed by Seneca on June 29, 2010. On July 7, 2010, the State filed a brief in opposition to this motion. The trial court denied this motion on July 7, 2010, without granting Seneca another stay of the execution of the judgment. A review of the trial docket indicates that Seneca paid the $25,000 on July 12, 2010. Seneca filed its notice of appeal on August 9, 2010.

{¶ 8} Seneca raises one assignment of error for our review. However, as an initial matter we must address the timeliness of Seneca's appeal.

{¶ 9} The State argues in its appellate brief that Seneca's appeal is untimely because Seneca should have appealed within 30 days of the trial

court's February 27, 2007 judgment entry. At oral argument, the State maintained that Seneca should have appealed from the February 27, 2007 order or at the latest within 30 days of the August 15, 2007 order, in light of this court's ruling on appeal. On November 15, 2010, this court dismissed Seneca's appeal as untimely. On December 17, 2010, we reinstated Seneca's appeal, finding that the trial court's failure to note the service of the judgment entry on the docket prevented this court from concluding that the appeal was untimely.

{¶ 10} It is well settled that an appellate court lacks jurisdiction over any appeal that is not timely filed. *State ex rel. Pendell v. Adams Cty. Bd. of Elections* (1988), 40 Ohio St.3d 58, 60, 531 N.E.2d 713. In *State v. Smith*, Jefferson App. No. 05 JE 49, 2006-Ohio-4614, the Seventh District Court of Appeals addressed an analogous situation where a bail bond company appealed from the trial court's denial of its motion for remission on previously forfeited bail. Prior to addressing the merits of the appeal, the *Smith* court addressed whether the bail bond company's appeal was timely filed.

{¶ 11} The *Smith* court looked at four orders that the bail bond company could have appealed from to determine this issue. "The first order [was] the July 23, 2004 order that stated that the bond was forfeited. The second order [was] the March 2, 2005 order which denied [the bail bond company's] motion for remittitur. The third order [was] the September 13, 2005 order

denying the Motion for Remission, i.e. the second motion for remittitur. The last order [was] the October 18, 2005 order that addressed [the bail bond company's] request for findings of fact and conclusions of law. The notice of appeal was filed on October 26, 2005 [, which was] within 30 days of the October 18, 200[5] order." Id. at ¶18-19.

{¶ 12} The court noted that "[i]n a criminal case, a bond forfeiture order is not a final appealable order." Id. at ¶21, citing *State v. McLaughlin* (1997), 122 Ohio App.3d 418, 420, 701 N.E.2d 1048; *State v. Williams* (1973), 40 Ohio App.2d 310, 312, 319 N.E.2d 223; *State v. Stuber*, Hancock App. No. 5-02-49, 2003-Ohio-2938. Therefore, the *Smith* court found that the bail bond company was not required to appeal from the July 23, 2004 order forfeiting the bond. Id.

{¶ 13} With respect to the March 2, 2005, September 13, 2005, and October 18, 2005 orders, the court indicated that these orders were all denials of the bail bond company's motion for remittitur. The *Smith* court stated that denials of a motion for remittitur of bail are final appealable orders, but the notice of appeal must be timely filed to properly invoke an appellate court's jurisdiction. Id. at ¶22. See, also, *State v. Holmes*, Mahoning App. No. 05 JE 31, 2006-Ohio-4614.

{¶ 14} The State argued "the notice of appeal was not timely because it should have been filed within 30 days of the March 2, 2005 order or at the

latest within 30 days of the September 13, 2005 order. [The bail bond company argued] the appeal was timely filed because it never received notice of the prior orders and the orders did not comply with Civ.R. 58." Id. at ¶23.

{¶ 15} The *Smith* court agreed with the bail bond company and concluded that trial court should have complied with Civ.R. 58(B) to provide the bail bond company with notice of the judgment against it.[1] Id. at ¶27. The court found that the case, as it relates to the bail bond company's motion for remission from bond, was civil in nature. "In civil cases, where the trial court never instructed the clerk to send notices to the parties and where no notices were sent in compliance with Civ.R. 58(B), the appeal, even if it is filed past the 30 day deadline, is deemed timely under App.R. 4(A)." Id. at ¶26, citing *Whitehall ex rel. Fennessy v. Bambi Motel* (1998), 131 Ohio App.3d 734, 723 N.E.2d 633.

{¶ 16} The court held that since "there was no direction to the clerk to serve [the bail bond company], the failure to file an appeal within 30 days of either the March 2, 2005 or September 13, 2005 orders does not render the October 26, 2005 notice of appeal untimely." Id. at ¶30. The *Smith* court further held that the October 18, 2005 judgment complied with Civ.R. 58(B)

---

[1]Civ.R. 58(B) provides in pertinent part: "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties * * * and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket."

because it "directed the clerk to serve all parties." Id. at ¶31. Since the notice of appeal was filed within 30 days of this judgment, the *Smith* court found that its jurisdiction was properly invoked. Id. at ¶31.

{¶ 17} In the instant case, the trial court denied Seneca's motion to relieve surety of liability on the bond on August 15, 2007. In its order, the trial court instructed the clerk to send a notice to Seneca's attorney, but failed to note the service of the judgment entry on the docket. The trial court also failed to note the service of each judgment entry on the docket with respect to the six additional motions "to relieve surety of liability on bond" filed from February 2008 to June 2010. Since the trial court failed to comply with Civ.R. 58(B), this court cannot conclude that Seneca's appeal was untimely filed. As such, we have jurisdiction to review Seneca's sole assignment of error.

ASSIGNMENT OF ERROR ONE

**"The trial court erred to the prejudice of [Seneca] by denying [its] motion to be relieved of liability on the bond."**

{¶ 18} Seneca argues the trial court abused its discretion by not relieving it of liability on the bond because Kondush was a greater risk postconviction. Seneca claims that postconviction, Kondush had incentive to flee because he was a convicted felon and he was not a United States citizen. Since Kondush represented a different risk, Seneca timely objected to

Kondush remaining out on the same preconviction bond. The State maintains the trial court did not abuse its discretion in denying the motion because Seneca failed to establish good cause to do so. We find Seneca's argument more persuasive.

{¶ 19} We review the trial court's denial of a motion for relief from a bond forfeiture for an abuse of discretion. *State v. Am. Bail Bond Agency* (1998), 129 Ohio App.3d 708, 713, 719 N.E.2d 13. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.

{¶ 20} "A surety bond is a contract in which the surety promises the court that it will pay a monetary penalty if the accused who is released on the bond posted by the surety fails to appear in court when ordered. The nonappearance operates as a condition precedent to the surety's duty to perform. The surety may be excused from its duty to pay the penalty by demonstrating good cause why judgment should not be entered against the surety in the amount of its bond. That showing may consist of producing the 'body' of the accused, or 'otherwise.'" *State v. Scherer* (1995), 108 Ohio App.3d 586, 590-591, 671 N.E.2d 545; see, also, R.C. 2937.36(C).

{¶ 21} We recognize that "[a] person who is in jeopardy of loss of liberty or property has some inducement to flee a jurisdiction that might impose those penalties for a crime of which the person stands accused. The inducement to flee is even greater when the defendant has been convicted and awaits imposition of a sentence." Id. at 591.

{¶ 22} In the instant case, after Kondush was convicted the trial court gave Seneca the opportunity to object to Kondush remaining out on original bond.[2] On the same day, Seneca responded by filing a motion to relieve it from liability on the bond. Seneca maintained that Kondush represented a different type of risk now that he was a convicted felon in conjunction with the fact that he is not a United States citizen.

{¶ 23} Based on the foregoing, Seneca demonstrated good cause for being excused from performance on the bond. It was unreasonable for the trial court to continue the bond and assign Seneca financial liability when Seneca timely objected, stating that its risk now changed with a postconviction defendant, who was a flight risk. As a result, we find that the trial court abused its discretion by continuing Kondush on the same bond after he was convicted.

{¶ 24} Thus, the sole assignment of error is sustained.

---

[2]Under Crim.R. 46(H), the bond may continue pending sentence at the court's discretion.

**{¶ 25}** Accordingly, we reverse the trial court's decision denying Seneca's motion to relieve it from liability on the bond. The matter is remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
JAMES J. SWEENEY, J., CONCUR