[Cite as *State v. Jackson*, 2022-Ohio-1306.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ANTHONY JACKSON,

Defendant,

AABBB ALL AMERICAN BIG BOB'S BAIL BONDING, INC.,

Appellant.

**OPINION AND JUDGMENT ENTRY**
**Case No. 21 CO 0010**

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2015 CR 533

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, Carol Ann Robb, Judges.

**JUDGMENT:**
Reversed and Remanded

[Cite as *State v. Jackson*, 2022-Ohio-1306.]

*Atty. Vito Abruzzino*, Columbiana County Prosecutor, 105 S. Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Scott Cochran*, 19 E. Front Street, Youngstown, Ohio 44503, for Appellant.

Dated:
March 31, 2022

**Donofrio, J.**

{¶1}	Appellant, AABBB All American Big Bob's Bail Bonding, Inc., appeals from a Columbiana County Common Pleas Court judgment denying its motion for remission of the $20,000 bond it paid for defendant Anthony Jackson.

{¶2}	In December 2015, a complaint was filed in Columbiana County Municipal Court against Jackson on charges of having a weapon while under disability and receiving stolen property. The municipal court set appellant's bond at $20,000 cash/surety. On December 14, 2015, appellant posted Jackson's surety bond. The matter was then bound over to the Columbiana County Grand Jury. The $20,000 bond continued.

{¶3}	On February 18, 2016, the grand jury indicted Jackson on charges of receiving stolen property and having a weapon while under disability. On June 27, 2017, Jackson entered into a plea agreement and pleaded guilty to receiving stolen property. The trial court then set the matter for sentencing.

{¶4}	Sentencing was to occur on November 17, 2017. On that date, Jackson failed to appear. The trial court revoked and forfeited Jackson's bond and issued a warrant for his arrest. The court further stated in its judgment entry that appellant had 28 days to produce Jackson and stayed the forfeiture for that time.

{¶5}	On August 16, 2018, appellant requested a 45-day extension to apprehend Jackson. It stated that it had just received notice regarding Jackson's non-appearance and the forfeiture. The trial court granted appellant's request on August 23, 2018, granting it 45 days from that date to apprehend Jackson and produce him to the court.

{¶6}	On December 20, 2018, the trial court put on a judgment entry stating that appellant had failed to produce Jackson. Therefore, it lifted the previously imposed stay

on the forfeit.  It ordered appellant to forfeiture the surety bond to the clerk of courts by January 29, 2019.

{¶7}     On January 16, 2019, appellant filed a motion to vacate the November 17, 2017 bond forfeiture.  It stated that Jackson was arrested on the bench warrant on January 11, 2019, and was currently in the Columbiana County Jail.  Appellant stated that it made significant efforts to locate and detain Jackson following the notification of forfeiture.  Because Jackson had now been arrested and detained by U.S. Marshalls, appellant requested that the court vacate the forfeiture order.  The state filed a response in opposition.

{¶8}     The trial court denied appellant's motion to vacate the forfeiture on February 11, 2019.  It stated that appellant did not point to any factors to support vacating the bond forfeiture and pointed out that it waited 13 months before ultimately lifting the stay and ordering appellant to forfeit the surety bond.  The court ordered appellant to forfeit the $20,000 bond to the clerk of courts by February 25, 2019.

{¶9}     On March 8, 2019, appellant filed a "brief in response to state of Ohio's opposition to motion to vacate forfeiture," which the trial court treated as another motion to vacate the forfeiture.  The court denied this motion on July 11, 2019, and ordered appellant to forfeit the bond by August 2, 2019.

{¶10}    Appellant forfeited the bond and paid the clerk of courts the $20,000 on August 2, 2019.

{¶11}    On May 14, 2020, appellant filed a motion for remission of bond forfeiture.  Appellant argued that Jackson was available to the trial court on or before January 14, 2019, which was before the forfeiture date of January 29, 2019.  Thus, it asserted it was entitled to full remission of the forfeited bond.  Alternatively, appellant argued it was entitled to partial remission.

{¶12}    The trial court denied appellant's motion for remission on April 5, 2021.  Appellant filed a notice of appeal on May 7, 2021.  It now raises a single assignment of error.

{¶13}    Appellant's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION FOR REMISSION OF BOND FORFEITURE UNDER O.R.C.

2937.39 AS NO SHOW CAUSE HEARING WAS EVER HELD, THE DEFENDANT WAS IN CUSTODY AND AVAILABLE TO THE COURT PRIOR TO THE DATE THE APPELLANT WAS ORDERED TO PAY THE FORFEITURE BY AND NO HEARING WAS CONDUCTED ON THE MOTION FOR REMISSION, BUT THE EVIDENCE IN THE RECORD REQUIRED AT LEAST A PARTIAL REMISSION.

**{¶14}** Appellant argues the trial court abused its discretion in denying its motion for remission of bond forfeiture. It claims the court did not follow the proper procedure for a bond forfeiture against a surety. It asserts that when the court issued the declaration of forfeiture and set a date by which appellant could show cause why the forfeiture should not be entered, it never set a hearing. Without a hearing, appellant argues, it was never given an opportunity to show cause. Appellant asserts that a hearing is required before the court can issue a judgment.

**{¶15}** Moreover, appellant asserts that it provided evidence by way of affidavit that it should have been able to present at a hearing regarding the significant amount of digital research and surveillance it conducted in an attempt to locate Jackson. And appellant points out that Jackson was apprehended and available to the court prior to the time the bond was to be forfeited. Appellant states that it was sharing information with the U.S. Marshalls who ultimately apprehended Jackson.

**{¶16}** The denial of a motion for remission of bond is a final appealable order. *State v. Sinkfield*, 7th Dist. Mahoning No. 08 MA 75, 2009-Ohio-1033, ¶ 12, citing *State v. Smith*, 7th Dist. Jefferson No. 05 JE 49, 2006-Ohio-4614, ¶ 22.

**{¶17}** Pursuant to R.C. 2937.35:

Upon the failure of the accused or witness to appear in accordance with its terms the bail may in open court be adjudged forfeit, in whole or in part by the court or magistrate before whom he is to appear. But such court or magistrate may, in its discretion, continue the cause to a later date certain, giving notice of such date to him and the bail depositor or sureties, and adjudge the bail forfeit upon failure to appear at such later date.

**{¶18}** Thus, if the accused fails to appear, the court may order a bond forfeited. Once the court has determined that a bond is to be forfeited:

> As to recognizances the magistrate or clerk shall notify the accused and each surety within fifteen days after the declaration of the forfeiture by ordinary mail * * * of the default of the accused and the adjudication of forfeiture and require each of them to show cause on or before a date certain to be stated in the notice, and which shall be not less than forty-five nor more than sixty days from the date of mailing notice, why judgment should not be entered against each of them for the penalty stated in the recognizance. If good cause by production of the body of the accused or otherwise is not shown, the court or magistrate shall thereupon enter judgment against the sureties or either of them, so notified, in such amount, not exceeding the penalty of the bond, as has been set in the adjudication of forfeiture, and shall award execution therefore as in civil cases.

R.C. 2937.36(C).

**{¶19}** If a court enters judgment on a surety at a hearing held pursuant to R.C. 2937.36, the surety may seek remission of the forfeiture if the accused subsequently appears, surrenders, or is rearrested. *Youngstown v. Durrett*, 7th Dist. Mahoning No. 09 MA 57, 2010-Ohio-1313, ¶ 20. The court can then exercise its discretion to remit the forfeited bond, or a portion thereof. *Id.*, citing R.C. 2937.39.

**{¶20}** We review a trial court's decision regarding the remission of a forfeited bond for abuse of discretion. *State v. Am. Bail Bond Agency*, 129 Ohio App.3d 708, 713, 719 N.E.2d 13 (10th Dist.1998). An abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶21}** Here appellant first argues that the trial court erred in failing to hold a hearing and provide it with an opportunity to show cause before entering judgment against it.

**{¶22}** Pursuant to R.C. 2937.36(C), production of the defendant on the date specified in the notice of default and adjudication of forfeiture constitutes a showing of

good cause why judgment should not be entered against each surety of the defendant. *State v. Lee*, 9th Dist. Lorain No. 11CA010083, 2012-Ohio-4329, ¶ 10, citing *State v. Holmes*, 57 Ohio St.3d 11 (1991), syllabus. R.C. 2937.36(C) requires the trial court to provide both adequate notice to show cause and a hearing before entering judgment forfeiting the bond against the surety. *Id.*, citing *State v. Green*, 9th Dist. Wayne Nos. 02CA0014, 02CA0019, 2002-Ohio-5769, ¶ 17.

**{¶23}** In this case, the trial court never provided appellant with a hearing where it could show cause before the court entered the judgment of forfeiture. Thus, the trial court proceeded to judgment in violation of R.C. 2937.36(C).

**{¶24}** Appellant further argues that the court erred in overruling its motion for remission.

**{¶25}** R.C. 2937.39 provides for the remission of bond as follows:

> After judgment has been rendered against surety or after securities sold or cash bail applied, the court or magistrate, on the appearance, surrender, or re-arrest of the accused on the charge, may remit all or such portion of the penalty as it deems just and in the case of previous application and transfer of cash or proceeds, the magistrate or clerk may deduct an amount equal to the amount so transferred from subsequent payments to the agencies receiving such proceeds of forfeiture until the amount is recouped for the benefit of the person or persons entitled thereto under order or remission.

R.C. 2937.39 does not set any particular time frame or deadline for filing a motion for remission of a forfeited bond. *State v. Holmes*, 7th Dist. Mahoning No. 08 MA 31, 2009-Ohio-1030, ¶ 14.

**{¶26}** In *Smith*, 2006-Ohio-4614, ¶¶ 36-42, this court applied the factors identified in *State v. American Bail Bond Agency*, 129 Ohio App.3d 708, 712, 719 N.E.2d 13 (10th Dist.1998), to consider when a party seeks remission of a forfeited bail bond:

"1. The circumstances surrounding the subsequent appearance by the defendant, including the timing, and whether her reappearance was voluntary;

"2. The reasons for defendant's failure to appear * * *;

"3. The inconvenience, expense, delay and any other prejudice to the prosecution;

"4. Whether the [sureties were] instrumental in securing the appearance of the defendant;

"5. Any mitigating circumstances; and

"6. Whether justice requires that the entire amount of the bail remain forfeited."

**{¶27}** In this case, the trial court did not refer to or mention the above factors, or any other factors, in denying appellant's motion for remission. In *Smith*, quoting the Third District, we found that "'the appellate districts, upon consideration of this issue, uniformly require trial courts to consider and weigh various factors in order to reconcile the purposes of both bail and bond remission.'" *Id.* at ¶ 44, quoting *State v. Jackson*, 153 Ohio App.3d 520, 795 N.E.2d 57, 2003-Ohio-2213 (3rd Dist.) at ¶ 9. We further agreed with the Third District that when considering a request for post-appearance bond remission, the trial court should balance the reappearance of the accused and the efforts expended by the surety to effectuate the reappearance against the inconvenience, expense, and delay suffered by the state and any other relevant factors. *Id.*

**{¶28}** In the same Third District case on which we relied, the trial court denied the appellant's motion for remission of bond in a summarized judgment entry and did not set forth the reasons for its denial. *Jackson*, 2003-Ohio-2213, at ¶ 10. On this basis, the appellate court found the trial court's decision to be arbitrary and an abuse of discretion. *Id.* It stated that "[i]n the absence of a record we are unable to ascertain the trial court's reasons for denying the motion and are unable to review the propriety of its considerations." *Id.*

Case No. 21 CO 0010

**{¶29}** We are faced with the same situation in this case. The trial court here failed to set out any findings or basis for its decision despite an application of the remission factors as applied to the facts of this case in appellant's motion. Moreover, as stated above, the trial court never provided appellant with a hearing to show cause why a judgment of forfeiture should not be entered against it.

**{¶30}** Accordingly, appellant's sole assignment of error has merit and is sustained.

**{¶31}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded to the trial court. On remand, the trial court shall hold a hearing where appellant has the opportunity to show cause as to why the court should not order forfeiture of the bond and for further proceedings pursuant to law and consistent with this Court's opinion.

Waite, J., concurs.
Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is reversed.  This matter is remanded to the trial court. On remand, the trial court shall hold a hearing where appellant has the opportunity to show cause as to why the court should not order forfeiture of the bond and for further proceedings pursuant to law and consistent with this Court's opinion.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**